STATE OF NEBRASKA, APPELLEE, V. ARTHUR TURNER,
APPELLANT.

183 N. W. 2d 763

Filed February 11, 1971. No. 37641.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from a judgment and sentence of 3 to 5 years in the Nebraska Penal and Correctional Complex on a guilty plea to the charge of uttering a forged instrument on the premise that the record fails to affirmatively show defendant pled guilty voluntarily, understandingly, and intelligently and with full knowledge of the rights he was waiving by his plea. We affirm.

Defendant appeared in district court with his attorney, a member of the staff of the Douglas County public defender's office, and on request was granted leave to withdraw his plea of not guilty and thereupon pled guilty. Defendant is represented in this appeal by another member of the Douglas County public defender's staff.

Essentially, defendant relies on Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274. Defendant contends that Boykin requires an affirmative showing in

the record that the trial court advised him of his privilege against compulsory self-incrimination as well as his right to confront his accusers before a determination of his waiver of these constitutional guarantees. We do not interpret Boykin so strictly. What Boykin says is that the court cannot presume a waiver of federal constitutional rights from a silent record. That case requires that a plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily. This the present record shows.

If we understand defendant's argument, in his reliance on Boykin, as well as on McCarthy v. United States, 394 U. S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418, which deals with Rule 11 of the Federal Rules of Criminal Procedure, it is his contention that the trial court must direct a defendant's attention to each and every constitutional right and then obtain a separate expressed verbal waiver of each of them before it can find an intelligent and voluntary waiver. This requirement of an item-by-item review of constitutional rights on a guilty plea is a strained and a too extreme construction of those cases.

A plea of guilty embodies a waiver of every defense to the charge, whether procedural, statutory, or constitutional. The constitutional rights, both state and federal, involved in such waiver include many others in addition to those mentioned above. As we said in Boykin v. Alabama, *supra:* "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial." And in McCarthy v. United States, *supra:* "A defendant who enters such a plea simultaneously waives several constitutional rights, * * *."

The criteria is whether or not the defendant understands the relevant factors involved in a guilty plea. Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible pen-

alty, and the effect of his plea. Without specifically detailing the exact procedure to be followed, we state that the Standards Relating to Pleas of Guilty promulgated by the American Bar Association outline what should be the minimum procedure in the taking of such pleas.

There was substantial compliance with the American Bar Association standards herein. The trial court specifically asked the defendant if he understood he was waiving his right to a jury trial; if he was aware of the penalty of the offense; whether any promises had been made to him; and whether he had discussed all his rights with his counsel. The court also specifically asked counsel if there was any doubt in counsel's mind that the defendant's action was voluntary and that he understood what he was doing and the consequences of a guilty plea. On two occasions, defendant's counsel assured the court that he had no doubt the defendant's action was voluntary and that the defendant understood what he was doing.

There are many controlling distinctions between this case and Boykin. While defendant in Boykin was represented by counsel, the record is silent as to whether his plea was understandingly made. Nor does the record in Boykin show whether the trial judge even spoke to the defendant or that the defendant had ever counseled with his counsel. Unlike Boykin, the defendant here pled not guilty when arraigned and before trial 4 months later withdrew his not guilty plea and pled guilty. During this period he was represented by counsel.

The court in imposing sentence noted that the presentence report disclosed a lengthy record with other charges, including one for grand larceny still pending. While this is immaterial in this appeal, it may shed light on a reason for a change of plea.

The standard for determining the validity of guilty pleas is enunciated as follows in North Carolina v. Al-

ford, —— U. S. ——, 91 S. Ct. 160, —— L. Ed. 2d ——: "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." In this case the United States Supreme Court held a guilty plea valid although the defendant protested his innocence and stated he was pleading guilty to avoid the death penalty.

We affirm the judgment.

AFFIRMED.

CARTER, J., concurring in result.

I agree with the result in this case. I do not agree with that part of the opinion which supports the result because there was substantial compliance with the American Bar Association standards relating to pleas of guilty. The American Bar Association performs many useful services for the bench and bar, but its work does not rise to the status of legislative acts or judicial holdings. I submit that its committee reports, although finally approved by it, are not authoritative in declaring the law of this state. It is the inference that its standards relating to pleas of guilty are required to be followed that gives rise to this concurrence.

NEWTON, J., joins in this concurrence.