STATE OF NEBRASKA, APPELLEE, v. GLENN JAMES LINDSAY, APPELLANT.

184 N. W. 2d 583

Filed February 11, 1971. No. 37703.

A. Q. Wolf and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from a judgment and sentence of 2 to 4 years in the Nebraska Penal and Correctional Complex on a guilty plea to a charge of forgery. Defendant premises his appeal on the ground that the record fails to affirmatively show that he pled guilty voluntarily, understandingly, intelligently, and with full knowledge of the rights he was waiving by his plea. We affirm.

Defendant appeared for arraignment with counsel for the purpose of withdrawing a plea of not guilty on a previous arraignment. The court discussed the situation in detail with the defendant. Actually, the court's examination and discussion with the defendant covers eight pages of the bill of exceptions. While it was a thorough examination, the court did not specifically remind the defendant of his privilege against self-incrimination and of his right to confront and cross-examine his accusers, although the court did, among other things, tell the defendant that if he went to trial he would have his attorney with him during the entire trial representing him and seeing that his rights were protected and that he would be given a fair and impartial trial.

The appeal herein is based on defendant's assumption that the failure of the trial court to specifically ask him if he was waiving his privilege against self-incrimination and the right to confront and examine his accusers presents a record that fails to show that he had full knowledge of the rights he was waiving by his plea.

This case presents essentially the same question as that presented in State v. Turner, *ante* p. 424, 183 N. W. 2d 763, which is controlling herein.

Judgment affirmed.

AFFIRMED.