STATE OF NEBRASKA, APPELLEE, v. NEAL SMITH, APPELLANT.

184 N. W. 2d 584

Filed March 5, 1971. No. 37695.

Albert T. Reddish, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an appeal from a plea of guilty by the defendant to a no-fund check charge under section 28-1212, R. S. Supp., 1969. The defendant contends that his plea of guilty was not voluntary on his part; that it was not knowingly made by him; and that the court did not properly receive the plea of guilty without determining whether there was an appropriate factual basis for it.

The arguments that the defendant makes in this respect are affirmatively refuted by the record. The record reveals that the court, in a very painstaking manner, fully explained to the defendant the nature of his constitutional rights, the effect of a guilty plea, the nature of the punishment provided by law for the offense charged, and then ascertained on a factual basis that the defendant was in fact guilty. See, State v. Sargent, *ante* p. 155, 181 N. W. 2d 449. Besides other references in the bill of exceptions revealing the necessary standard inquiries on this subject, the evidence reveals the following particularly pertinent colloquy between the district judge and the defendant. It is as follows: "Q In fact, the limits are not less than one year nor more than ten years, or imprisoned in the county jail not less than thirty days nor more than six months, or be fined not less than $50.00 nor more than $500.00; do you understand that those are the alternatives that I have, do you understand that? A Yes. Q You understand if you plead not guilty or if a not guilty plea is entered for you, which I would do if you entered no plea at all, you would then have the right to a jury trial, do you understand that? A Yes. Q Do you understand what a jury trial is? A Yes, sir. * * * Q Do you understand that you'd have the right to a speedy public trial if you wanted one? A Yes. Q Do you understand that you'd have the right to compulsory process, and by compulsory process I mean the right to compel the State to issue orders to persons whom you would name, who would then be required to come into court to give testi-

mony for you, at no expense to you, do you understand that? A Yes, sir. Q Do you understand that if there was a trial you'd have the right to face the witnesses who testified against you and to cross-examine them? A Yes. Q And do you understand that you would not have to testify if you didn't want to and that I—and if you wanted me to, I would instruct the jury that nothing was to be taken against you because you failed to testify; do you understand that? A Yes, sir. * * * Q Well, now, you understand, Mr. Smith, that when you plead guilty to this charge, you are saying to me, 'Yes, I did intend to cheat Earl's Conoco when I gave this check.' That's what you are saying when you plead guilty, do you understand that? A Yes. * * * Q And you further understand that you have the right to enter a plea of not guilty to this case, and you have a right to testify if you want to either at a jury trial or a trial to the court, that you didn't have any intention whatsoever to cheat Mr. Gardiner or Earl's Conoco, and that you intended to pick that check up, and if the jury chose to believe you or if I chose to believe you, you wouldn't be found guilty and would be found not guilty, do you understand that? A Yes. Q Now, is it your intention to plead guilty then to this charge, knowing that you have the right to have this issue submitted to a jury or to the court? A I will have my attorney do that. Q It's not his decision, that's your decision. You can't shift that responsibility to him, Mr. Smith. * * * Q Well, this is all well and good, but I want to make sure, Mr. Smith, that you understand— A Yes. Q— That you have a right to plead not guilty if you wanted to, and that the decision to plead guilty is a decision that is made by you; that's your decision, is that right? A Yes. * * * Q Has anybody made any threats or promises or said anything to you at all to get you to come in here to court today to plead guilty to this charge? A No. Q Are you now then prepared to enter a plea to this charge knowing what your rights are as have been explained to you today,

and by your counsel also, on a voluntary basis, is that right? A Yes." During the colloquy, the following questions were asked by the court and answered by the defendant: "Q Have you talked with your attorney Mr. Anderson here about this case? A Quite a bit; yes. Q Have you told him about the facts from your side? A Yes. Q Are you satisfied with the way he has represented you? A Yes."

The record here, including what is above recited, conclusively establishes that the court's acceptance of the plea was in due conformity with all pronouncements in State v. Sargent, *supra;* State v. Turner, *ante* p. 424, 183 N. W. 2d 763; and is in full conformity with the requirements of Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274. The record in the present case is more than sufficient to sustain the trial court in the acceptance of the plea of guilty and entering the judgment of conviction and sentence.

AFFIRMED.