STATE OF NEBRASKA, APPELLEE, v. ARMICHAEL WAYNE, APPELLANT.

229 N. W. 2d 64

Filed May 22, 1975. No. 39778.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.
Defendant prosecutes an appeal from a guilty plea on which he was sentenced to a term of 1 to 3 years in the Nebraska Penal and Correctional Complex. Defendant's only assignment of error is that the court committed reversible error in not making an inquiry into the factual basis for the plea. We affirm.

Defendant, represented by counsel, entered a plea of guilty pursuant to a plea bargain. Defendant's counsel advised the court that the arraignment in District Court on a direct information was in the nature of a plea bargain since defendant had given the police a confession to a number of matters that could give rise to charges of larceny and burglary in 16 different cases. In response to the court's suggestion that the various charges be set out in the record, the defendant's counsel advised the court that the record contained a three-page confession. The defendant, in response to the court's question, said the confession told everything he did. The trial court examined the defendant at length but did not further discuss the confession. The procedure followed by the trial court was in strict accord with Part I of the American Bar Association Standards Relating to Pleas of Guilty, and amply demonstrates the voluntariness of the plea.

Defendant's counsel questions compliance with No. 1.6 of the Standards, which reads as follows: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea." In the Commentary to this Standard, we find the following: "* * * no attempt is made here to state specifically a particular probability-of-guilt standard for this inquiry. The matter is left largely to the discretion of the judge. The circumstances of the case will often dictate the kind and amount of inquiry which is necessary." There can be no question in this case that the record was sufficient to satisfy the trial judge that the defendant had made an unequivocal confession of guilt.

Defendant's present complaint is frivolous. He was represented by competent counsel who in spite of a confession to a large number of crimes worked out a plea bargain to one of them, that of receiving or buying stolen property. Defendant on arraignment personally acknowledged that he was charged with the particular crime, and voluntarily pleaded thereto. He acknowledged he had discussed it with his lawyer. The trial judge examined the defendant and determined that he understood the nature of the charge, the possible penalty, and the effect of his plea. Defendant's plea was in full accord with State v. Turner (1971), 186 Neb. 424, 183 N. W. 2d 763, in which we said in accepting a guilty plea: "The criteria is whether or not the defendant understands the relevant factors involved in a guilty plea. Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea."

The judgment is affirmed.

AFFIRMED.