STATE OF NEBRASKA, APPELLEE, v. JOEL EVANS, APPELLANT.
234 N. W. 2d 199

Filed October 23, 1975. No. 39971.

Paul E. Watts, J. Joseph McQuillan, Gerald E. Moran, and Robert C. Sigler, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

SPENCER, J.

This is an appeal from a burglary conviction on a nolo contendere plea entered pursuant to a plea bargain. The county attorney agreed to recommend a 6-month county jail sentence. Appellant-defendant received a 2 to 4 year term in the Nebraska Penal and Correctional Complex. His motion to withdraw his plea was overruled. Defendant alleges the court, in overruling his motion to withdraw his plea, abused its discretion, violated his right to the equal protection of the laws, and denied the due process of law guaranteed by the United States Constitution. We affirm.

When defendant entered his plea the trial court inquired whether there had been any plea bargaining. Counsel for defendant informed the court there had, and explained the agreement to the court. He then requested that the plea be entered with leave to withdraw it if the court chose not to honor the county attorney's recommendation of a county jail sentence. The court advised defendant and his counsel it would not be bound by any recommendations. It further advised defendant any plea made would be binding and if that was not the understanding of defendant and his counsel there should be no further proceedings on the plea. Defendant was then asked by his counsel if this was agreeable to him and he replied in the affirmative. The court then stated: "The only position I am taking, Mr. Evans, is that, as the Court, I am not going to be bound by such a recommendation. You are either guilty of a charge, or you are not. I am not saying it won't be considered, because it will. Certainly the recommendation of the County Attorney will be considered, as will the presentence investigation and anything else that is brought to the Court, either by your lawyer, or you.

Is that your understanding, Mr. Evans?" Defendant answered affirmatively.

At the sentencing the judge reviewed the defendant's presentence investigation with him. He asked the defendant if it was about right, and the defendant replied in the affirmative. The judge then stated the probation officer had recommended incarceration. He advised defendant he had taken note of the county attorney's recommendation but chose not to follow it. Defendant, who had a previous felony record, was then sentenced to 2 to 4 years in the Nebraska Penal and Correctional Complex.

Defendant, in his motion to withdraw his guilty plea, alleged he would not have pled guilty except for the plea bargain and that he entered his plea in reliance upon the plea bargain being honored. He further alleged that if it had not been for his prior felony conviction and a juvenile record, he would have sought a different plea bargain rather than one which involved county jail time.

This is not a situation where a plea bargain has been violated. The county attorney made the recommendation called for by the agreement. The judge declined to accept the recommendation. At the time of the plea defendant's counsel asked the trial court if the defendant would be permitted to withdraw his plea if the court chose not to honor the county attorney's recommendation. The court advised the parties such procedure was not acceptable to him and that any plea entered would be binding on the defendant. After being so advised, the defendant still chose to enter his plea. This was the proper procedure. A trial judge should not enter into any agreement that the defendant will be permitted to withdraw his plea if he does not accept the county attorney's recommendation on sentence.

As defendant's counsel suggests, in State v. Turner (1971), 186 Neb. 424, 183 N. W. 2d 763, we enunciated the following rule concerning pleas of guilty: "* * *

the Standards Relating to Pleas of Guilty promulgated by the American Bar Association outline what should be the minimum procedure in the taking of such pleas." We have consistently adhered to this position and have set aside pleas where the ABA Standards were not followed.

The ABA Standards Relating to Pleas of Guilty cover the withdrawal of pleas. Section 2.1 of the Pleas of Guilty is as follows:

"2.1 Plea withdrawal.

"(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

"(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

"(iii) The defendant may move for withdrawal of

his plea without alleging that he is innocent of the charge to which the plea has been entered.

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

It is evident that the defendant did not bring himself within the manifest injustice standard. The only reason we can deduce from his motion is that he expected the recommendation of the county attorney would be honored. He was specifically advised by the trial court that it would not be bound by the recommendation and that if he did plead guilty he would not be permitted to withdraw the plea.

The procedure followed herein comported fully with our interpretation of the ABA Standards Relating to Pleas of Guilty. Section 3.3 of the standards sets out the responsibilities of the trial judge. That section is as follows:

"3.3 Responsibilities of the trial judge.

"(a) The trial judge should not participate in plea discussions.

"(b) If a tentative plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that other charges before that court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the rep-

resentations made to him. If the trial judge concurs but the final disposition does not include the charge or sentence concessions contemplated in the plea agreement, he shall state for the record what information in the presentence report contributed to his decision not to grant these concessions.

"(c) When a plea of guilty or nolo contendere is tendered or received as a result of a prior plea agreement, the trial judge should give the agreement due consideration, but notwithstanding its existence he should reach an independent decision on whether to grant charge or sentence concessions under the principles set forth in section 1.8."

It is not proper for a trial judge to permit the withdrawal of a plea of guilty or nolo contendere unless such withdrawal is necessary to correct a manifest injustice. Definitely, it should never be done merely because the defendant would not have entered into a plea bargain if he had known the trial judge would not accept the sentence recommendation. To so hold is a violation of section 3.3 (c). Its effect would be to permit the defendant to bargain with the court on his sentence and make a mockery of the judicial function and the discretion which must be exercised by a trial judge.

In his brief defendant argues: "* * * the present state of affairs in the plea bargaining process in Nebraska, as clearly manifested by the instant case, is that the prosecutor can make a promise to the defendant, and then keep that promise 'so that it can be said to be part of the inducement or consideration' for the defendant's plea. Santobello v. New York, 404 U. S. 257, 262, 92 S. Ct. 495, 499 (1971). But with the bargain completed on both sides the defendant who enters his plea in part because of the prosecutor's promise or 'inducement' can have his expectations shattered by the trial court without being afforded a chance to withdraw his plea of the bargained-for performance."

In the area of sentencing the defendant should be

fully informed that the trial judge will not be bound by any agreement. He should understand the recommendation is no more than a recommendation to be considered under the principles set out in section 1.8 of the ABA Standards Relating to Pleas of Guilty.

It is true, as defendant argues, section 4.1 (c) of the ABA Standards Relating to the Function of the Trial Judge would permit the procedure contended for by him. We have not adopted the Standards Relating to the Function of the Trial Judge. We specifically disapprove of section 4.1 (c) of those standards insofar as it would permit the withdrawal of a guilty plea unless, as set out heretofore, withdrawal is necessary to correct a manifest injustice.

The judgment is affirmed.

AFFIRMED.

McCown, J., dissenting.

The defendant here contends that where a plea bargain agreement contemplates the approval or granting of sentence concessions by the trial court, and the court, after acceptance of the guilty plea, later decides to reject the sentence concessions contemplated by the plea bargain, the defendant should be given an opportunity to withdraw or affirm the guilty plea. The defendant contends also that the practice in the District Court varies in this regard. Some District Judges automatically grant a right to withdraw under such circumstances while others, as in the instant case, refuse it. The lack of uniformity results in an arbitrary and uneven administration of criminal justice. A defendant who pleads guilty before one judge may be permitted to withdraw his plea before sentence, while the same defendant before another judge under the same circumstances might be sentenced without an opportunity to withdraw a plea.

The majority opinion in responding to the defendant's contention first reaffirms the adoption by this court of

the ABA Standards Relating to Pleas of Guilty. Section 2.1(b) of those standards provides: "In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere *as a matter of right* once the plea has been accepted by the court. *Before sentence,* the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." (Emphasis supplied.)

The majority opinion now holds that it is not proper for a trial judge to permit the withdrawal of a plea of guilty or nolo contendere unless such withdrawal is necessary to correct a manifest injustice, and also holds that a trial judge should not enter into an agreement in .advance that the defendant *will be* permitted to withdraw his plea if the court does not accept the recommendation on the sentence. The opinion completely ignores the second sentence of section 2.1(b) of the ABA Standards, without any attempt to limit or overrule it, and after having first reaffirmed the complete standards. Neither does the opinion define what will constitute a manifest injustice sufficient to authorize withdrawal of the plea as a matter of right. The present opinion will emphasize and enlarge the disparity of treatment resulting from the differing attitudes of the individual trial judges, rather than provide a uniform and fair rule for the acceptance or rejection of plea bargains contemplating specific sentencing concessions.

There can be no real doubt that the rules permitting a defendant to affirm or withdraw a plea of guilty if the court determines to reject the sentence concessions contemplated by a plea bargain have developed from experience and practice and a desire to provide a more even-handed administration of justice. Such rules are now in effect in a majority of the jurisdictions which recognize plea discussions and plea agreements as an

appropriate part of the administration of criminal justice. The majority opinion acknowledges that section 4.1(c) of the ABA Standards Relating to the Function of the Trial Judge specifically mandates the granting of a right of withdrawal under circumstances such as those present here. This court, however, discards the rule on the basis that the Standards Relating to the Function of the Trial Judge have not yet been adopted in Nebraska, and are therefore not binding on this court.

It should be pointed out also that the American Law Institute adopted the final draft of the Model Code of Pre-Arraignment Procedure in May 1975. Section 350.6 of that code provides in part: "If at the time of sentencing, the court for any reason determines to impose a sentence more severe than that provided for in a plea agreement between the parties, the court shall inform the defendant of that fact and shall inform the defendant that the court will entertain a motion to withdraw the plea."

The Federal Rules of Criminal Procedure have also been amended, one portion effective August 1, 1975, and the remainder effective December 1, 1975. Rule 11 of the Federal Rules of Criminal Procedure, as amended, continues to provide that the court shall not participate in any plea bargain discussions. Rule 11, subsections (e)(2), (e)(3), and (e)(4), now provides:

"(2) If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

"(3) If the court accepts the plea agreement, the court shall inform the defendant that it will embody in

the judgment and sentence the disposition provided for in the plea agreement.

"(4) If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

Some courts have adopted rules requiring an opportunity for withdrawal of a guilty plea under the circumstances present here, simply on the strength of having adopted the ABA Standards Relating to Pleas of Guilty. See, State v. Wolske, 280 Minn. 465, 160 N. W. 2d 146; State v. Loyd, 291 Minn. 528, 190 N. W. 2d 123. Other courts have relied on Standards Relating to the Function of the Trial Judge. State v. Fisher, 223 N. W. 2d 243 (Iowa, 1974).

It is noteworthy that not one case is cited in support of the majority holding here. It is difficult to understand the reluctance of the court to accept a rule which all federal courts and an overwhelming majority of all state courts already follow. We are cited to no state court which recognizes plea discussions and plea agreements as an appropriate part of the administration of criminal justice which has refused to follow the rule since Santobello v. New York, 404 U. S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). The majority opinion here is a step backward in the continuing search for even-handed justice.