STATE OF NEBRASKA, APPELLEE, V. LENNY RAYMOND DIXON, ALSO KNOWN AS ROBERT C. MOODY AND CECIL ROBERT MOODY, APPELLANT.

389 N.W.2d 307

Filed June 27, 1986.   No. 85-475.

Donald E. Rowlands II of Baskins & Rowlands, for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On February 19, 1985, a two-count information was filed against the defendant, Lenny Raymond Dixon, also known as Robert C. Moody and Cecil Robert Moody, in the district court for Lincoln County, Nebraska, charging defendant with robbery and use of a deadly weapon to commit a felony.

Defendant was arrested on February 12, 1985, in connection with the armed robbery of the Ben Franklin store in North Platte, Nebraska. On February 19, 1985, defendant came before the district court for Lincoln County. At that time defendant's counsel informed the court that defendant was "just not able to communicate with" his counsel and orally moved that the defendant be evaluated by order of the court for determination whether defendant was competent to stand trial. The court so ordered, and the evaluation was carried out by Dr. Stan Moore, a qualified psychiatrist, at the Lincoln County jail.

On March 14, 1985, a hearing was held on defendant's competency. The psychiatrist's report was shown to counsel for both defendant and the State and an opportunity was afforded to review it. The conclusion of Dr. Moore was that defendant was "feigning mental illness." This conclusion was supported in detail in the report. The court gave defendant an opportunity to present evidence on this issue. Defendant offered only a handwritten note stating that defendant had stopped eating on March 3, 1985, and had stopped drinking anything on March 9. The court found defendant competent to stand trial. We note that at the hearing on March 26, 1985, discussed below, defendant told the court that he had "played the game" with the psychiatrist.

The court then, on March 14, proceeded with the arraignment of defendant. Defendant immediately told the court, "I quit, I'm through, I quit," and launched into a vulgar tirade, interspersed with singing words from the national anthem. The court ordered defendant handcuffed and, through the ensuing din of defendant's continual singing, fully informed him of his rights as set out in *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). Defendant made no answer to any questions directed to him by the judge. The court noted that

there were on file a motion to suppress and a "Notice of Intent to Enter Plea of Insanity." The court then announced that it took defendant's actions as standing mute and ordered that pleas of not guilty and not guilty by reason of insanity be entered.

On March 26, 1985, a hearing was held on defendant's motion to suppress. Defendant was present with his two court-appointed attorneys. Counsel for the State introduced, and the court received in evidence, seven exhibits including two search warrants for the search of an automobile and defendant's motel room, which had been issued by a judge of the county court, and the returns of those two warrants. Defendant testified that he had been pulled from the trunk of his car on the night of February 12, 1985, and that he did not "remember everything that happened that night." Other evidence showed that just after the robbery defendant's car was being driven by a woman at a high rate of speed in an alley near the Ben Franklin store. The car was stopped and the woman driver taken to the police station. Officers later returned to the car and found defendant in the trunk of the car with a loaded pistol. The court overruled the motion to suppress.

A recess was then taken. Fifteen minutes later, defendant again appeared before the court with his attorneys. His counsel told the court that defendant wished to withdraw his motion to declare Neb. Rev. Stat. § 29-2203 (Reissue 1985) unconstitutional and to enter a plea of nolo contendere pursuant to a plea bargain. Defendant then presented to the court a written "Petition to Enter Plea of Nolo Contendere With Approval of Counsel." The petition was initialed paragraph by paragraph and signed by defendant and both of his attorneys. The paragraph concerning the plea of no contest was initialed "with Question." The petition, in 15 numbered paragraphs, set out fully that he was represented by counsel; that he fully conferred with his attorneys, so that they were fully informed of the facts of the case; and that his attorneys informed him of his constitutional rights, the possible penalties, the defenses, and alternatives available to defendant. The petition also stated that defendant's counsel and the prosecution would request evaluation at the Lincoln Regional

Center and that if it were determined that defendant was suffering from a mental disorder which impaired defendant's abilities or competency, defendant could petition the court for withdrawal of his plea of nolo contendere. The petition also set out that the county attorney would not file a habitual criminal charge and would not request more than 25 years' imprisonment. We state again that the use of written plea petitions is not to be encouraged and that "a written petition to plead guilty which itemizes a defendant's constitutional rights is not in and of itself sufficient to establish the voluntariness of the plea." *State v. Mindrup*, 221 Neb. 773, 776, 380 N.W.2d 637, 638 (1986). In this case, however, the dialogue between the court and defendant fully explained the written petition.

The plea bargain and the petition to enter pleas of nolo contendere were explained to the court. The court then inquired if the defendant understood the matters as explained to the court. A dialogue between the court and the defendant covering 28 pages of the record then ensued. Defendant questioned various phrases of the written petition and directed perceptive questions to the court concerning many issues. The primary thrust of defendant's question was directed at defendant's desire to be evaluated at the Lincoln Regional Center, with the right to withdraw his plea of nolo contendere if he were determined to have been then insane. The court informed defendant that "there are certain circumstances [in] which an individual may withdraw a plea of either Guilty or No Contest." The court then asked defendant if he wanted to go ahead, and defendant answered that he did.

The information was then amended to charge that defendant did forcibly, and by violence, or by putting in fear, take property from another with the intent to steal and did possess a firearm with a barrel of less than 18 inches in length after having previously been convicted of a felony. The court again explained defendant's rights to him. Defendant pled no contest to each charge. After a factual basis was stated by the county attorney, the court accepted defendant's pleas and found defendant guilty.

On April 19, 1985, defendant filed a "Motion to Withdraw Plea," alleging that the plea was not entered "voluntarily,

knowingly, intelligently, and understandingly." A hearing on the matter was held on May 15, 1985. After the hearing the court held that defendant's plea had been "knowingly, intelligently, and voluntarily" made. It also held that "the Court cannot find that the defendant met his burden of showing that a manifest injustice would occur by clear and convincing evidence."

On June 3, 1985, a sentencing was held. The court sentenced defendant to terms of 8 to 20 years on count I and 1 to 3 years on count II, to run concurrently.

On June 3, 1985, defendant filed a pro se notice of intent to appeal, a motion for court-appointed counsel, and a motion for production of records and transcripts. Defendant's attorneys, on June 7, 1985, perfected an appeal to this court by filing a "Notice of Appeal" and a "Motion to Proceed In Forma Pauperis." The court granted the motion to proceed in forma pauperis on June 10, 1985, and defendant's attorneys then filed a praecipe for a transcript and a bill of exceptions.

The appeal assigns four errors:

1. The Court erred on May 23, 1985 in refusing to allow the Appellant to withdraw his plea of nolo contendere . . . .

2. The Court erred on May 23, 1985 in finding that the Appellant had failed to establish by clear and convincing evidence manifest injustice to allow the withdrawal of his plea.

3. The Court erred on March 26, 1985 in accepting the Appellant's plea of nolo contendere because the plea was conditional and was not made knowingly, voluntarily and intelligently . . . .

4. The Court erred in not finding . . . [ineffective] legal representation throughout . . . this proceeding . . . .

The first two assignments of error may be treated as one because they challenge the refusal to allow defendant to withdraw his plea of nolo contendere.

With regard to the issue of effective assistance of counsel, we hold that it is not yet properly before the court because it has not been presented, in any form, to the trial court for determination. Defendant's motion to withdraw his plea of no contest did not raise the issue of effectiveness of counsel in the

district court. We have no record to review, and it appears necessary to have a record in this case to adequately review the question.

This court stated in *State v. Hert*, 192 Neb. 751, 754, 224 N.W.2d 188, 190 (1974), a position applicable to the present case:

> Does the failure of trial counsel to make a motion for discharge indicate ineffective assistance of counsel under the Sixth Amendment? We feel that we cannot pass upon the question even if we are to assume that it has been properly raised. It is evident that some types of attack upon effectiveness of counsel cannot be reached upon a direct appeal because the evidence which may bear upon such a determination is not shown in the trial record. This is one of those situations.

Thus, when the issue has not been raised nor ruled on by the trial court and necessitates an evidentiary hearing, we will not address the matter.

The next issue, raised by the first two assignments of error, is whether defendant should have been allowed to withdraw his plea of nolo contendere. We set out the standard of review for such matter in *State v. Holtan*, 216 Neb. 594, 597, 344 N.W.2d 661, 663 (1984): "The right to withdraw a plea previously entered is not absolute, and in the absence of a clear abuse of discretion exercised by the trial judge, [the denial of withdrawal] will not be disturbed on appeal."

This court has adopted ABA Standards for Criminal Justice § 14-2.1(a) and (b) (2d ed. 1980). *State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984); *State v. Evans*, 194 Neb. 559, 234 N.W.2d 199 (1975). In his brief, defendant notes that his motion to withdraw the plea was filed prior to sentencing and that the applicable ABA standard is § 14-2.1(a). The trial court applied the standard of § 14-2.1(b). Section 14-2.1(a) sets out a standard different from the guidelines of § 14-2.1(b), which deals with a motion for withdrawal of plea after sentencing. Rather than requiring defendant to show that withdrawal of the plea is necessary to avoid "a manifest injustice," subsection (a) requires defendant to show only "any fair and just reason." After a plea is entered, but before a sentence is imposed, a

defendant's motion to withdraw his plea is governed by § 14-2.1(a).

In this case the court did not apply the proper standard in determining defendant's right to withdraw his plea, but we determine that the district court nevertheless reached the correct result. We hold that defendant did not state a fair and just reason to allow him to withdraw his plea. In *Sommerfeld v. City of Seward*, 221 Neb. 76, 80, 375 N.W.2d 129, 132 (1985) (quoted in *Prorok v. County of Custer*, 221 Neb. 789, 381 N.W.2d 106 (1986)), we stated: "Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, the Supreme Court will affirm."

Defendant presents five points which he asserts are "fair and just reasons" to allow him to withdraw his plea. In disposing of all five points below, we note that we cannot say that the trial court clearly abused its discretion with regard to any of the five points.

First, defendant asserts that the plea "was not made intelligently, understandingly or knowingly in that [defendant] entered the plea based upon the mistaken belief that he would be allowed to withdraw said plea after inpatient evaluation by the Lincoln Regional Center if it was determined that he was suffering from a mental disorder" impairing his abilities or competency during the robbery. Brief for Appellant at 17-18. The plea agreement and the record both indicate that defendant merely would be allowed to *petition* the court for withdrawal of plea only if the evaluation at the regional center uncovered a mental disorder impairing his abilities or competency. The plea agreement, with paragraph 8 specifically initialed by defendant, was amended by interlineation to make clear this very point. The record reflects that defendant's concerns or lack of understanding was remedied by the court's explanation and by a conference with his counsel. The staff at the regional center evaluated defendant and concluded that "[t]here is no reason to believe [defendant] was insane at the time of the instant offense . . . ." Thus, defendant fails to raise a "fair and just reason" on this basis.

Second, defendant asserts that he "entered his plea . . . primarily to seek medical and psychiatric treatment." Brief for Appellant at 18. The record reflects that the trial judge dispelled this contention prior to accepting the plea. The defendant understood the plea and cannot now back out of it by arguing that it did not do what he intended. Defendant was sent to the regional center, and there is nothing in the record indicating that the evaluation resulted in a finding that defendant was incompetent or insane. To the contrary, the report in the presentence investigation concludes that defendant was sane. Defendant may not use this appeal to ask this court to find any evaluation done by the regional center personnel to be inaccurate or insufficient because he is dissatisfied with the findings. There is no evidence of an evaluation showing insanity or incompetency to provide a "fair and just reason" for withdrawal of defendant's plea.

Third, defendant asserts that he "entered his plea . . . under duress and while confused and paranoid after suffering withdrawal effects from cocaine and speed and a 23 day hunger strike." Brief for Appellant at 18. Upon reviewing the record we cannot find that the trial judge abused his discretion in finding that the evidence did not support such a conclusion. There is ample evidence that defendant was lucid enough to personally carry out a lengthy discussion with the trial judge regarding many aspects of the plea agreement. Defendant discussed and changed the written agreement to his satisfaction prior to entering the plea. Defendant simply has failed to show that the trial judge abused his discretion, and, therefore, defendant has failed to present a "fair and just reason" for withdrawal of his plea.

Fourth, defendant asserts that he "entered the plea without adequate opportunity to understand the ramifications of the plea." Brief for Appellant at 18. The record shows the contrary. Defendant himself stated that his attorney had discussed plea negotiations at the jail prior to the entry of the plea and filing of the plea agreement. The plea agreement was signed by defendant, with each paragraph being initialed by defendant, and the agreement was amended by interlineation to satisfy the defendant. Finally, the overall record shows that the trial judge

fully, and with great care, explained the agreement and the effect of a plea to defendant and informed defendant of his constitutional rights. Thirty pages of discussion and explanation in the bill of exceptions undermine defendant's claim that the trial court abused its discretion in failing to find a "fair and just reason" to withdraw defendant's plea in this regard.

Finally, defendant's fifth point for withdrawal, in effect, asserts ineffective assistance of counsel. As we have stated above, we cannot make a determination on such a basis at this point. Thus, this assertion fails to present a "fair and just reason" for withdrawal of defendant's plea.

The remaining assignment of error asserts that the court erred in accepting defendant's plea in the first instance because it "was conditional and was not made knowingly, voluntarily and intelligently." Brief for Appellant at 19. This assignment of error presents two questions for consideration: (1) whether the plea was conditional and, if so, whether it was invalidated thereby; and (2) whether the plea was entered knowingly, voluntarily, and intelligently.

We above considered the question of whether the plea was knowingly, voluntarily, and intelligently entered and determined that it was. Therefore, defendant's contention in this regard is without merit.

With regard to the claim that the plea agreement was conditional and, as such, invalid, we disagree. The plea agreement itself shows that the plea was not conditional. The agreement merely informs the defendant that he may request the court to allow the withdrawal of the plea; it did not provide defendant the absolute right to withdrawal. This provision stated:

> [S]hould the mental health professionals at the Lincoln Regional Center, following evaluation, determine that I am or have been suffering from a mental disorder, which would have impaired my abilities, or my level of competency, that I may petition this Court for withdrawal of my plea of "Nolo Contendere".

This language is clear on its face and merely informs defendant of a right that he already had. The plea was not conditional.

The trial judge, at great length, explained the meaning of this paragraph and fully explained to defendant that the plea was not conditional. At page 49 of the bill of exceptions, defendant stated that he understood this point. It is very clear that there is no error in this regard.

For the above-stated reasons we affirm the findings and holding of the trial court in all respects.

AFFIRMED.

WHITE, J., participating on briefs.