STATE OF NEBRASKA, APPELLEE, V. WILLIAM L. MINSHALL, APPELLANT.
416 N.W.2d 585

Filed December 18, 1987.   No. 87-253.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol, for appellee.

Boslaugh, White, Caporale, Shanahan, and Grant, JJ., and Brodkey, J., Retired, and Colwell, D.J., Retired.

Per Curiam.

In an amended information, the State charged William L. Minshall with commission of two felonies, first degree sexual assault, Neb. Rev. Stat. § 28-319(1)(a) (Reissue 1985), and use of a firearm to commit a felony, Neb. Rev. Stat. § 28-1205(1) (Reissue 1985). As the result of a plea bargain, Minshall later entered a no contest plea to the charge of attempted first degree sexual assault alleged in another amended information. Before the court accepted the no contest plea on December 9, 1986, Minshall expressly stated that no promises or inducements had been extended by law enforcement or anyone else in exchange for his no contest plea to the charge of attempted first degree sexual assault. In connection with entry and acceptance of Minshall's plea of no contest, the court fully complied with the requirements for a defendant's valid plea of no contest. See *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). After accepting Minshall's no contest plea, the court ordered a presentence investigation. Prior to any sentence hearing, Minshall, on February 10, 1987, requested to withdraw his no contest plea and informed the court that, before entry of the plea, he had told his attorney he would accept the plea bargain and enter his no contest plea because he had not seen his children for a long time. Minshall's children were in the custody of his former wife, who had been granted custody of the Minshall children as the result of a divorce decree. Minshall's attorney stated that the attorney would "try everything in his power to get the visit." Minshall's former wife balked at his visitation of the children. The only reason, then, for Minshall's request to withdraw his no contest plea was: "I'm afraid I won't

get to see them [the children] when I get out, when I go to the penitentiary and stuff."

The court rejected Minshall's request to withdraw his no contest plea and, later, sentenced Minshall to imprisonment for a term of 5 to 10 years, with credit for time awaiting disposition of the criminal charges against Minshall.

Minshall's only assignment of error relates to the trial court's refusal to permit Minshall's withdrawal of his no contest plea to the charge of attempted first degree sexual assault.

In *State v. Turner*, 186 Neb. 424, 426, 183 N.W.2d 763, 765 (1971), this court stated that the ABA Standards Relating to Pleas of Guilty "outline what should be the minimum procedure" regarding pleas of guilty or no contest (nolo contendere). Later, in *State v. Daniels*, 190 Neb. 602, 605, 211 N.W.2d 127, 129-30 (1973), this court held:

> Before sentence the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. Cf. State v. Turner, 186 Neb. 424, 183 N.W.2d 763 (1971). See, ABA Standards Relating to Pleas of Guilty, Approved Draft, 1968, § 2.1, p. 52, and Proposed Revisions, 1968, § 2.1, p. 3.

Approval of the ABA standards regarding withdrawal of pleas of guilty and no contest has often been expressed in previous opinions by this court; for example, *State v. Kluge*, 198 Neb. 115, 251 N.W.2d 737 (1977), and *State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984). Even more recently, in *State v. Dixon*, 223 Neb. 316, 321-22, 389 N.W.2d 307, 310-11 (1986), this court held:

> This court has adopted ABA Standards for Criminal Justice § 14-2.1(a) and (b) (2d ed. 1980). *State v. Copple*, 218 Neb. 837, 359 N.W.2d 782 (1984); *State v. Evans*, 194 Neb. 559, 234 N.W.2d 199 (1975). In his brief, defendant notes that his motion to withdraw the plea was filed prior to sentencing and that the applicable ABA standard is § 14-2.1(a). The trial court applied the standard of § 14-2.1(b). Section 14-2.1(a) sets out a standard different from the guidelines of § 14-2.1(b), which deals with a

motion for withdrawal of plea after sentencing. Rather than requiring defendant to show that withdrawal of the plea is necessary to avoid "a manifest injustice," subsection (a) requires defendant to show only "any fair and just reason." After a plea is entered, but before sentence is imposed, a defendant's motion to withdraw his plea is governed by § 14-2.1(a).

Thereafter, without reference to the ABA standards, we stated in *State v. Hoffman*, 224 Neb. 830, 834, 401 N.W.2d 683, 686 (1987):

As further stated in *State v. Nearhood, supra*, "[A]fter the entry of a plea of nolo contendere but before sentencing, a court should allow the defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution would not be substantially prejudiced by its reliance upon the plea." 223 Neb. at 769-70, 393 N.W.2d at 532.

Likewise, this court, in *State v. Nearhood*, 223 Neb. 768, 393 N.W.2d 530 (1986), which was mentioned in *State v. Hoffman, supra*, made no specific reference to ABA standards pertaining to a defendant's withdrawal of a plea of guilty or no contest.

In the case now before us, the State sets forth the proposition: "It is not proper as a matter of right for a trial judge to permit the withdrawal of a plea of guilty or nolo contendere which was knowingly, intelligently, and voluntarily made unless such withdrawal is necessary to correct a manifest injustice." (Emphasis omitted.) Brief for Appellee at 2. The "manifest injustice" standard relates to a defendant's withdrawal of a plea of guilty or no contest *after sentencing*, and not to a situation involving a defendant's request to withdraw a plea *before* sentence. See, *State v. Dixon, supra; State v. Holtan*, 216 Neb. 594, 344 N.W.2d 661 (1984).

As we recently expressed in *State v. Irish*, 223 Neb. 814, 818-19, 394 N.W.2d 879, 882 (1986):

Recognizing, however, that the work of the ABA, although good and useful, nevertheless does not rise to the status of legislative acts or judicial holdings . . . , we now specifically disapprove any statements that any form of the ABA Standards for Criminal Justice, including those

relating to guilty pleas, has been adopted by this state.

In the present case, we make an observation and comment similar to that expressed about ABA standards considered in *State v. Irish, supra.* Concerning ABA standards which relate to a defendant's withdrawal of a plea of guilty or no contest before imposition of sentence, we specifically disapprove any statements, heretofore appearing in opinions of this court, that any form of the ABA standards governs disposition of a defendant's request to withdraw a plea before sentencing. However, the correct standard in Nebraska is: After the entry of a plea of guilty or no contest (nolo contendere), but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered.

The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. See *State v. Holtan, supra.*

The reason given by Minshall to support his request to withdraw his no contest plea was his wish to see his children, whom he had not seen for quite some time due to the actions of his former wife. Such a circumstance does not constitute a "fair and just reason" for a court to permit a defendant's withdrawal of a plea of guilty or no contest. There was no abuse of discretion by the trial court in refusing to allow Minshall to withdraw his plea of no contest. Therefore, the judgment of the district court is affirmed.

AFFIRMED.