Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/30/2023 09:07 AM CDT

State of Nebraska, appellee, v.
Brandon J. Boone, appellant.

___ N.W.2d ___

Filed June 30, 2023.    No. S-22-929.

1. **Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
2. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
3. **Criminal Law: Final Orders: Sentences.** In a criminal case, the final judgment is the sentence.
4. **Criminal Law: Statutes.** Where a criminal procedure is not authorized by statute, it is unavailable to the defendant in a criminal proceeding.
5. **Criminal Law: Jurisdiction.** When an unauthorized motion is filed in a criminal case, the court lacks subject matter jurisdiction to adjudicate it.
6. **Constitutional Law: Claims.** A manifest injustice common-law claim must be founded on a constitutional right that cannot and never could have been vindicated under the Nebraska Postconviction Act or by any other means.

Appeal from the District Court for Douglas County: Shelly R. Stratman, Judge. Affirmed.

Jerry M. Hug, of Hug & Jacobs, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Brandon J. Boone moved to withdraw his guilty pleas to criminal charges after sentencing but before the time to file a direct appeal had expired. He claimed that his counsel was ineffective in advising him to plead guilty and that withdrawal was necessary to correct a manifest injustice. The district court denied Boone's motion, and he appeals. Because we conclude the district court lacked jurisdiction to consider Boone's motion and discern no error as to Boone's convictions and sentences, we affirm.

## BACKGROUND

After Boone's onetime girlfriend died from a gunshot wound to the head, Boone faced multiple criminal charges, including first degree murder. Pursuant to a plea agreement, the State reduced or dismissed the initial charges in exchange for Boone's guilty pleas to manslaughter and use of a weapon, a firearm, to commit a felony.

On November 16, 2022, the district court sentenced Boone to prison terms of 19 to 20 years for manslaughter and 45 to 50 years for use of a weapon to commit a felony, to be served consecutively.

A few days after sentencing, Boone's initial counsel moved to withdraw. Counsel stated in the motion that Boone had indicated he intended "to proceed on motions and appeal" alleging ineffective assistance of counsel. The district court sustained the motion to withdraw and appointed new counsel to represent Boone.

On December 2, 2022, Boone's new counsel filed a motion to withdraw his pleas. The motion asserted that Boone's prior counsel had rendered ineffective assistance by advising Boone to enter the plea agreement and that withdrawal of his pleas was necessary to correct a manifest injustice. The motion contended that prior counsel told Boone that if he entered the plea agreement, he would receive "a lenient sentence," and that but for this representation, he would have insisted on going to trial.

The district court, on December 6, 2022, denied Boone's motion to withdraw his pleas. In a written order, it stated that Boone had not shown that withdrawal was necessary to correct a manifest injustice.

On December 13, 2022, Boone filed an appeal. We granted the State's petition to bypass the Nebraska Court of Appeals.

## ASSIGNMENT OF ERROR

Boone assigns that the district court erred in denying his motion to withdraw his pleas.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides. *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022).

## ANALYSIS

*Appellate Jurisdiction.*

[2,3] Before addressing the merits, we briefly address appellate jurisdiction. In some contexts, it has been held that the denial of a motion to withdraw a plea is not a final, appealable order. See, e.g., *State v. Cisneros*, 14 Neb. App. 112, 704 N.W.2d 550 (2005). That authority, however, is not applicable here. For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment. *State v. Combs*, 297 Neb. 422, 900 N.W.2d 473 (2017). And in a criminal case, the final judgment is the sentence. *Id.* Here, Boone perfected his appeal within 30 days after the sentence was imposed as required by Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2022). We thus have jurisdiction over the appeal.

*District Court's Authority to*
*Permit Withdrawal of Plea.*

Although Boone filed a timely appeal, he assigns no errors directly challenging his convictions or sentences. His

sole argument is that the district court erred by denying his motion to withdraw his pleas. His argument primarily focuses on why he believes his original counsel was ineffective in advising him to enter the guilty pleas. The State counters that before reaching the merits of Boone's motion to withdraw, we must first address whether the district court had authority to allow Boone to withdraw his pleas after sentencing. The State posits that because the district court did not have authority to allow Boone to withdraw his pleas, we likewise lack authority to review the merits of its decision.

Our cases have held that a court has discretion to allow a defendant to withdraw a plea prior to sentencing for any fair and just reason, provided that such withdrawal would not substantially prejudice the prosecution. See, e.g., *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022). That authority is not at issue in this case because Boone sought to withdraw his pleas after sentencing. We agree with the State that under the circumstances of this case, the district court lacked authority to allow Boone to withdraw his pleas.

[4,5] Generally, where a criminal procedure is not authorized by statute, it is unavailable to the defendant in a criminal proceeding. See, e.g., *State v. McAleese*, 311 Neb. 243, 971 N.W.2d 328 (2022). Relatedly, we have said that when an unauthorized motion is filed in a criminal case, the court lacks subject matter jurisdiction to adjudicate it. *Id.* These rules apply with particular force to motions filed after sentencing. See, e.g., *id.* (holding court lacked jurisdiction over postjudgment motion to vacate sentence); *State v. Melton*, 308 Neb. 159, 953 N.W.2d 246 (2021) (holding court lacked jurisdiction over postjudgment motion to modify nonprobationary sentence); *State v. Dunster*, 270 Neb. 773, 707 N.W.2d 412 (2005) (holding court lacked jurisdiction over postjudgment motion to vacate sentence).

Boone does not cite any statutory authorization for his motion to withdraw his pleas after sentencing, nor are we aware of any. Instead, Boone generally relies on a line of

cases holding that a defendant may withdraw a guilty or no contest plea after sentencing upon a demonstration of a manifest injustice. See, e.g., *State v. Dixon*, 223 Neb. 316, 389 N.W.2d 307 (1986), *disapproved, State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987); *State v. Molina-Navarette*, 15 Neb. App. 966, 739 N.W.2d 771 (2007).

To properly address Boone's argument that the district court had authority to allow him to withdraw his pleas, some history is in order. The notion that a court can allow a defendant to withdraw a plea after sentencing upon a showing that withdrawal is necessary to correct a manifest injustice entered our law in the 1970s via a series of cases in which this court relied on the Standards Relating to Pleas of Guilty promulgated by the American Bar Association (ABA Standards). See, e.g., *State v. Evans*, 194 Neb. 559, 234 N.W.2d 199 (1975), *disapproved, State v. Minshall, supra*; *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971), *disapproved, State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). The ABA Standards addressed various aspects of guilty and no contest pleas, and at one point, this court stated that those standards "outline[d] what should be the minimum procedure in the taking of such pleas." *Turner*, 186 Neb. at 426, 183 N.W.2d at 765. See, also, ABA Standards for Criminal Justice, Pleas of Guilty (3d ed. 1999). With respect to plea withdrawal, the ABA Standards provided that the court should allow withdrawal of a plea if the defendant proves that withdrawal is necessary to correct a manifest injustice and that such a motion was not necessarily barred because it was made after sentencing. See *Evans, supra* (quoting § 2.1 of ABA Standards).

In later years, however, this court disavowed prior suggestions that the ABA Standards are the governing law. See, *Minshall, supra* (disapproving any statements in our opinions that any form of ABA Standards governs disposition of defendant's plea before sentencing); *Irish*, 223 Neb. at 818, 294 N.W.2d at 882 (in stating required advisements prior to pleas, disapproving "any statements that any form of the

ABA Standards for Criminal Justice, including those relating to guilty pleas, has been adopted by this state"). Even so, the idea that a plea could be withdrawn after sentencing upon a showing of manifest injustice still lingered in some form. See, e.g., *Minshall*, 227 Neb. at 213, 416 N.W.2d at 588 ("[t]he 'manifest injustice' standard relates to a defendant's withdrawal of a plea of guilty or no contest *after sentencing*") (emphasis in original); *Molina-Navarette, supra* (observing that after sentencing, plea withdrawal is proper where it is necessary to correct manifest injustice).

This court expressly held that a court could allow a defendant to withdraw a guilty or no contest plea after sentencing upon a showing that withdrawal was necessary to correct a manifest injustice in *State v. Gonzales*, 283 Neb. 1, 807 N.W.2d 759 (2012), but we withdrew that opinion on rehearing. See *State v. Gonzales*, 285 Neb. 940, 830 N.W.2d 504 (2013) (*Gonzales II*). In our opinion issued after rehearing, we rejected the contention that a court can allow a defendant to withdraw a plea after sentencing merely upon a showing that withdrawal is necessary to correct a manifest injustice. Instead, we recognized an "extremely limited" procedure whereby a court can allow a defendant to withdraw a plea after his or her conviction has become final. *Id.* at 948, 830 N.W.2d at 510.

[6] We held that this "common-law procedure" was "available only when (1) the [Nebraska Postconviction] Act is not, and never was, available as a means of asserting the ground or grounds justifying withdrawing the plea and (2) a constitutional right is at issue." *Gonzales II*, 285 Neb. at 949-50, 830 N.W.2d at 511. We explained that this procedure "exists to safeguard a defendant's rights in the very rare circumstance where due process principles require a forum for the vindication of a constitutional right and no other forum is provided by Nebraska law." *Id.* at 950, 830 N.W.2d at 511. See, also, *State v. Mamer*, 289 Neb. 92, 95, 853 N.W.2d 517, 521 (2014) ("[a] manifest injustice common-law claim must be

founded on a constitutional right that cannot and never could have been vindicated under the Nebraska Postconviction Act or by any other means"), citing *State v. Chiroy Osorio*, 286 Neb. 384, 837 N.W.2d 66 (2013), and *Gonzalez II*.

Where does all this history leave us today? First, we see no basis in our law to conclude that courts have authority to allow a defendant to withdraw a plea after sentencing whenever it is shown that withdrawal is necessary to prevent a manifest injustice, merely because the ABA Standards recommended as much. More than 30 years ago, this court repudiated the idea that the ABA Standards "rise to the status of legislative acts or judicial holdings." *State v. Irish*, 223 Neb. 814, 818, 394 N.W.2d 879, 882 (1986). Neither the ABA Standards nor our cases that relied upon them provided the district court with authority to allow Boone to withdraw his pleas.

As for our decision in *Gonzales II*, both the State and Boone make arguments based upon it. Boone points out that the movant in *Gonzales II* sought to withdraw her plea long after the time for direct appeal had run and that our opinion in that case expressly limited itself to those circumstances. He argues that *Gonzales II* did not speak to a trial court's authority to allow a defendant to withdraw pleas after sentencing but before the time for direct appeal has run. The State, on the other hand, acknowledges that *Gonzales II* addressed only whether there was a recognized procedure for withdrawing a plea when only collateral attacks were available, but argues that the rationale of *Gonzales II* "applies equally in cases where, as here, a judgment has been entered but is not yet final." Brief for appellee at 12.

We agree with Boone that given the procedural posture of *Gonzales II*, our opinion in that case did not directly address whether and under what circumstances a court can allow a defendant to withdraw a plea after sentencing but before the time to file a direct appeal has run. That said, we find that our approach in *Gonzales II* offers a sound guide for

determining whether a postjudgment criminal procedure not authorized by statute should be judicially recognized.

As mentioned above, the general rule is that criminal procedures not authorized by statute are unavailable. See *State v. McAleese*, 311 Neb. 243, 971 N.W.2d 328 (2022). Our opinion in *Gonzales II* was consistent with that general rule and our precedent insofar as it recognized a nonstatutory procedure to withdraw a plea after sentencing only where such a procedure is constitutionally required and no statutory procedure is or ever was available to vindicate a constitutional right. See, *State v. Dunster*, 270 Neb. 773, 786, 707 N.W.2d 412, 422 (2005) (declining to recognize procedure not authorized by statute "especially when at least one existing [statutory] procedure is available in which to raise the issue"); *State v. Louthan*, 257 Neb. 174, 186, 595 N.W.2d 917, 925 (1999) (concluding that if criminal procedure is not authorized by statute and not constitutionally mandated, it is "unauthorized and, therefore, unavailable" (internal quotation marks omitted)). We therefore hold that a motion to withdraw a plea filed after sentencing but before the time for direct appeal has run is available only under the same limited circumstances identified in *Gonzales II*.

Having established the parameters under which the district court could allow withdrawal of a plea, it becomes apparent that the district court lacked authority to allow Boone to do so. Although Boone's motion to withdraw sought to vindicate a constitutional right, other statutorily authorized procedures were available to him to vindicate that right. As we have discussed, at the time Boone filed a motion to withdraw his pleas, the time to pursue a direct appeal had not expired. By entering guilty pleas, Boone generally waived all defenses to criminal charges, but he did not waive his right to contend that his pleas were the result of ineffective assistance of counsel. See, e.g., *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). Boone could have raised his ineffective assistance of counsel claim on direct appeal and, even if the record was

insufficient to allow the claim to be resolved there, in a subsequent motion for postconviction relief. See, e.g., *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023) (ineffective assistance of counsel claim is raised on direct appeal when claim alleges deficient performance with enough particularity for (1) appellate court to make determination of whether claim can be decided upon trial record and (2) district court later reviewing petition for postconviction relief to recognize whether claim was brought before appellate court).

Because other statutorily authorized procedures were available to Boone to assert his claim that his counsel provided ineffective assistance by advising him to enter the plea agreement, the district court lacked authority to allow him to withdraw his pleas.

## CONCLUSION

The district court lacked authority to allow Boone to withdraw his pleas. Because Boone's sole assignment of error lacks merit and we discern no error with respect to his convictions and sentences, we affirm.

Affirmed.