STATE OF NEBRASKA, APPELLEE, V. SCHUYLER DAWN, APPELLANT.

519 N.W.2d 249

Filed July 15, 1994.    No. S-93-396.

Dean S. Forney, Box Butte County Public Defender, for appellant.

Schuyler Dawn, pro se.

Don Stenberg, Attorney General, Delores Coe-Barbee, and J. Kirk Brown for appellee.

Dennis R. Keefe, Lancaster County Public Defender, Michael D. Gooch, and Julie B. Hansen for amicus curiae Nebraska Criminal Defense Attorneys Association.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.

Further review of Schuyler Dawn's appeal of his conviction for distribution of a controlled substance has been granted to remedy the failure of the lower courts to appoint counsel for Dawn's direct appeal and to address his claims that in the trial court (1) he received ineffective assistance of counsel, (2) the prosecutor failed to disclose information material to his defense, and (3) the trial court abused its discretion in setting his appeal bond.

The Nebraska Court of Appeals affirmed Dawn's conviction on direct appeal even though Dawn had not been afforded his constitutional right to counsel during his appeal. That affirmation is a nullity.

After appointing counsel for Dawn for his appeal to this court, after receiving briefs from the parties, after hearing arguments, and after our own review of Dawn's remaining assignments of error, we affirm Dawn's conviction.

## FACTS

Dawn was charged by information with (1) criminal conspiracy, (2) two counts of distribution of a controlled substance, and (3) being a habitual criminal.

After Dawn's arraignment on an information in the district court for Box Butte County, his trial counsel filed a motion for discovery. Dawn asked, inter alia, for any "[r]eports prepared or statements given, either orally or in writing, by any law enforcement officers or any agent of the state . . . who participated in any way in the investigation or surveillance of the defendant at any time."

In connection with that motion, the State, pursuant to Neb. Rev. Stat. § 29-1912(4) (Reissue 1989), filed a confidential affidavit with the court. Section 29-1912(4) provides:

> Whenever the prosecuting attorney believes that the granting of an order under the provisions of this section will result in the possibility of bodily harm to witnesses or that witnesses will be coerced, the court may permit him or her to make such a showing in the form of a written statement to be inspected by the court alone.

In an affidavit filed in Dawn's case, a police official stated

that police investigatory reports contained information about a confidential informant who was not endorsed as a State's witness and a coconspirator who, at that time, was a fugitive. The official also stated his belief that Dawn might harm or coerce witnesses in this case. The official stated that in the past, he and other officers had received complaints from citizens that Dawn had threatened or physically harmed them. In cases police investigated, "it has been impossible to gather enough evidence to prosecute Schuyler for the offenses complained of because witnesses refuse to cooperate and testify against Schuyler Dawn." The official listed specific instances, some of which he observed and others which were reported to him, which led him to believe that Dawn "is a violent person capable of causing serious injury or death to a person who is a witness against him." The district court overruled Dawn's motion to produce the requested police reports.

Dawn's trial counsel later filed a motion to depose the informant used by law enforcement officers to apprehend Dawn. At the hearing on that motion, Dawn's trial counsel identified a person who he thought was the informant. The State would not verify that identification. The district court advised Dawn's trial counsel to contact the individual he identified and, if he refused to talk to Dawn's trial counsel, to issue a subpoena for the individual to testify at trial. The district court denied Dawn's trial counsel's motion to depose the alleged informant.

Dawn has not assigned as error the district court's overruling of his motion for discovery of the police reports or his motion to depose the State's informant.

On March 1, 1993, Dawn pled guilty to one count of distributing a controlled substance on January 24, 1992. In exchange for the plea, the State agreed to dismiss the other charges.

At the guilty plea hearing on March 1, the State recited the following facts upon which the charge was founded: On January 18, 1992, an individual involved in drug trafficking in western Nebraska (the confidential informant) went with an undercover law enforcement officer to a bar in Alliance and introduced the officer to Dawn. The three discussed whether

cocaine was available. Eventually, the officer saw Dawn meet and make an exchange with a fourth man behind the bar. Dawn then delivered cocaine to the officer, and the officer paid Dawn for it.

On January 22, the same confidential informant and officer met Dawn at his house. On that night, Dawn said he was again looking for cocaine. Dawn met with the same man he had met behind the bar, but was told that cocaine could not be obtained on such short notice.

On January 24, the officer met Dawn at a bar and observed him meet again with the man who had previously been involved in the cocaine deliveries to the officer. Immediately after that, Dawn placed a Kool cigarette package containing cocaine in the officer's hand, and the officer paid for it. It is not entirely clear from the prosecutor's recitation of facts at the plea hearing as to when the informant was present, if at all, during the controlled drug buy from Dawn on January 24. However, the police reports indicate that the confidential informant was present during the drug buy. Those reports are part of Dawn's presentence investigation report and were made available to Dawn's counsel prior to sentencing. At the sentencing hearing, Dawn's counsel advised the court that he had "gone over" the report with his client.

The prosecutor further stated at the plea hearing that both the officer and informant were wearing body microphones and that tapes of the conversations between the officer, the informant, and Dawn would have been introduced as evidence, together with corroboration from other officers who witnessed Dawn's activities on the days in question.

On April 13, 1993, after considering Dawn's presentence investigation report, the trial judge sentenced Dawn to not less than 5 nor more than 20 years' imprisonment.

Although Dawn's trial counsel had not filed a motion to withdraw as counsel at this point, Dawn proceeded pro se and timely filed a notice of appeal, a motion for permission to proceed in forma pauperis, a poverty affidavit, and a motion for appointment of counsel. All of these documents were filed at the same time on May 12 in the district court for Box Butte County. Dawn subsequently filed a motion for an appeal bond.

The district court sustained Dawn's motion to proceed in forma pauperis, appointed the public defender to represent Dawn on appeal, and set an appeal bond at $50,000 cash. Dawn filed a motion for reduction of the appeal bond, which the district court denied.

The prosecutor then filed a motion to set aside the court's order appointing the public defender as Dawn's counsel on appeal. No notice was given to Dawn of the motion or that it was set for hearing, although apparently notice was sent to Dawn's trial counsel and court-appointed public defender. Present at the hearing on this motion were the prosecutor, the judge, and Dawn's court-appointed public defender who had no objection to the motion to set aside his appointment. The district court granted the prosecutor's motion to set aside the appointment of the public defender on the ground that the court was without jurisdiction to enter the order after Dawn's appeal had been perfected to the Court of Appeals.

Dawn then filed several motions for appointment of counsel alternately in the Court of Appeals and district court, with each court determining that it had no jurisdiction to appoint counsel. By memorandum entry on February 9, 1994, the Court of Appeals affirmed Dawn's conviction. The entry stated, "Appeal considered and no need is present for a detailed opinion. See State v. Dixon, 237 Neb. 630, 467 N.W.2d 397 (1991). Conviction affirmed."

Dawn filed a petition for further review by the Supreme Court. The State joined in seeking further review. Upon consideration of Dawn's petition, we granted further review, appointed counsel to represent Dawn in this court, and granted leave for Dawn and the State to file briefs.

On May 12, 1994, Dawn's trial counsel, stating that he had not been retained or appointed to represent Dawn on appeal and that he had no involvement or connection with Dawn's appeal, belatedly filed a motion to withdraw as counsel. The Nebraska Criminal Defense Attorneys Association (NCDAA) filed a brief amicus curiae in support of Dawn's arguments regarding the failure of the lower courts to appoint counsel for Dawn on direct appeal. The only issue commented upon by NCDAA is that the district court and Court of Appeals erred in

not appointing Dawn counsel on direct appeal in violation of his rights under the U.S. and Nebraska Constitutions.

## ASSIGNMENTS OF ERROR

Summarized and restated, Dawn assigns as error that (1) the Court of Appeals erred in refusing to appoint him counsel on direct appeal, (2) he received ineffective assistance of counsel because his trial counsel failed to investigate the State's use of a county jail inmate as an undercover agent and because trial counsel failed to file a motion to suppress all evidence derived from that informant, (3) his right to due process was violated by prosecutorial misconduct because the prosecutor failed to disclose that the State used an inmate as an undercover agent to apprehend Dawn, and (4) the district court abused its discretion by setting a $50,000 appeal bond for an indigent defendant.

## ANALYSIS

### APPOINTMENT OF COUNSEL

The rules of practice and procedure for the Nebraska Supreme Court and Court of Appeals provide in substance that the attorneys of record of the respective parties in the court below shall be deemed the attorneys of the same parties in an appellate court, *until a withdrawal of appearance has been filed. Counsel in any criminal case pending in this court may withdraw only after obtaining permission of the appellate court.* See Neb. Ct. R. of Prac. 1F(1) (rev. 1993).

Dawn's trial counsel filed a motion to withdraw as counsel on May 12, 1994, after this court appointed counsel for Dawn on his petition for further review of his case here. We granted trial counsel's motion to withdraw, but take this opportunity to remind trial attorneys of the foregoing court rule and their duty to fulfill their responsibilities to clients on appeal.

In this case, Dawn's trial counsel violated the foregoing rule by purporting to withdraw from Dawn's criminal case without filing a motion to withdraw and without obtaining permission from the Court of Appeals after Dawn perfected his appeal to that court.

Dawn's right to counsel on direct appeal was, therefore, violated when he was forced to proceed with his direct appeal

pro se. It is beyond dispute that upon showing that he was an indigent and upon his request for counsel, Dawn had the right to appointed counsel for his direct appeal. See, *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963). When an indigent defendant is deprived of his constitutional right to counsel by not being furnished an attorney to present his direct appeal to an appellate court, the defendant is not afforded an effective appeal, and the decision thereon is deemed a nullity. See *State v. Blunt*, 197 Neb. 82, 246 N.W.2d 727 (1976).

We have remedied this defect in this case by granting Dawn's petition for further review and, through our inherent power to do those things reasonably necessary for the administration of justice in the exercise of our jurisdiction, by appointing counsel to represent Dawn on appeal to this court. See *Kovarik v. County of Banner*, 192 Neb. 816, 224 N.W.2d 761 (1975).

Nevertheless, the question remains unresolved as to which level of the judicial branch has jurisdiction to appoint counsel for an indigent defendant in circumstances similar to Dawn's. Because this situation affects the public interest and is capable of repetition, yet evading review, we now resolve that question. See *Williams v. Hjorth*, 230 Neb. 97, 430 N.W.2d 52 (1988).

Without representation from his trial counsel and upon filing his notice of appeal, Dawn became trapped in a procedural Catch-22. When Dawn sought appointment of counsel from the district court, that court denied his motion based on the rule that upon perfection of an appeal to an appellate court, the district court loses jurisdiction. See *Zeeb v. Delicious Foods*, 231 Neb. 358, 436 N.W.2d 190 (1989). When Dawn sought appointment of counsel from the Court of Appeals, that court followed the usual appellate court practice of overruling such motions without prejudice to refile the request for counsel in the district court.

Because the district court has explicit statutory authority under Neb. Rev. Stat. § 29-3901 et seq. (Cum. Supp. 1992) to appoint counsel for indigent defendants, our appellate courts have in the past followed the practice that the Court of Appeals employed in this case. We now modify that practice and hold

that after a defendant has perfected his or her direct appeal to an appellate court, if the defendant is without counsel, the appellate court, in its supervisory capacity and through its inherent power to do those things reasonably necessary for the administration of justice, may enter an order directing the trial court to appoint counsel to represent that defendant on direct appeal if the defendant asks that counsel be appointed and the defendant satisfactorily shows by affidavit to the district court that he or she is indigent. See *Kovarik, supra.*

We now turn to Dawn's remaining assignments of error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Dawn argues that his trial counsel failed to investigate whether the State, in violation of Neb. Rev. Stat. § 29-2262.01 (Reissue 1989), used an inmate as an undercover agent or employee of the state. We note that there is nothing in the record or presentence investigation showing that the State violated § 29-2262.01. That section provides, in substance, that a person placed on probation, an inmate of any jail, or an inmate who has been released on parole, probation, or work release is prohibited from acting as an undercover agent or employee of any law enforcement agency of the state and that any evidence derived in violation of this rule is not admissible against any person in any proceeding whatsoever.

Dawn argues that if his trial counsel had conducted an investigation, he would have discovered that the State's informant was a jail inmate at the time he was used in the State's investigation and apprehension of Dawn and that all evidence derived from the informant could have been suppressed. Dawn further argues that his guilty plea was not voluntary because, if his trial counsel had moved to suppress the evidence under § 29-2262.01, he would not have pled guilty, but would have insisted on going to trial.

To state a claim of ineffective assistance of counsel as violative of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution and thereby obtain reversal of a conviction, a defendant must show that his or her counsel's performance was deficient and that such deficient performance prejudiced the defense, that is, demonstrate a

reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Lindsay, ante* p. 101, 517 N.W.2d 102 (1994); *State v. Gibbs*, 238 Neb. 268, 470 N.W.2d 558 (1991).

When a defendant has entered a guilty plea, counsel's deficient performance constitutes prejudice if the defendant shows with a reasonable probability that but for counsel's errors, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Johnson*, 243 Neb. 758, 502 N.W.2d 477 (1993).

We first note that Dawn did not raise his claim of ineffective assistance of counsel at the trial court level. Claims of ineffective assistance of counsel raised for the first time on direct appeal do not require dismissal ipso facto; the determining factor is whether the record is sufficient to adequately review the question. *State v. Morley*, 239 Neb. 141, 474 N.W.2d 660 (1991). When the issue has not been raised or ruled on at the trial court level *and the matter necessitates an evidentiary hearing*, an appellate court will not address the matter on direct appeal. See, *State v. Morley, supra*; *State v. Dixon*, 223 Neb. 316, 389 N.W.2d 307 (1986).

The record before this court is insufficient to adequately review the question. The record fails to disclose what Dawn's trial counsel did or did not do to investigate the possibility that the State's informant was on probation, a jail inmate, or an inmate released on parole, probation, or work release at the time he was used in the investigation and arrest of Dawn.

The record does show that Dawn's trial counsel filed a motion for discovery of any reports of the police or agents of the State who participated in the investigation of Dawn and that he later filed a motion to depose the State's informant. The record does not disclose that Dawn's trial counsel filed these motions because he was seeking information as to the informant's status as a jail inmate.

When Dawn's trial counsel sought to depose the State's informant, the district court suggested that he interview the individual he thought was the informant and, if that individual refused to talk, issue him a subpoena to testify at trial. The record does not disclose whether Dawn's trial counsel

interviewed that individual. Nor does the record show whether Dawn's trial counsel pursued any other investigation of the informant or the informant's possible status as a jail inmate. The record is silent as to whether Dawn's trial counsel interviewed or attempted to take the deposition of the principal undercover law enforcement officer to determine whether his confidential informant was in jail, on probation, on parole, or on work release when he assisted the officer in receiving a delivery of cocaine from Dawn. Therefore, we are unable to review Dawn's claim that his trial counsel's performance was deficient.

Even if we could determine whether Dawn's trial counsel's performance was deficient, the record contains no information showing that Dawn was prejudiced by his counsel's failure to investigate the informant's status as set forth in § 29-2262.01. The record does not show that the state's confidential informant was on probation, a jail inmate, or an inmate released on parole, probation, or work release *at the time the confidential informant was used in the State's investigation and apprehension of Dawn*. Nor does the record disclose what basis, if any, Dawn has for suspecting that the informant was used in violation of § 29-2262.01 at that time.

During the hearing on Dawn's motion to depose the State's confidential informant, the prosecutor stated that the person Dawn alleged to be the informant was in jail *at the time of the hearing*. In his brief to this court, Dawn highlights this statement. However, that hearing was held more than a year after Dawn's arrest. Evidence that the alleged informant was in jail at that time provides no basis for determining that the confidential informant was on probation, a jail inmate, or an inmate released on parole, probation, or work release at the time of his involvement around the time Dawn was alleged to have committed the crimes referred to in this case.

Without such evidence in the record, we cannot determine with reasonable probability whether any failure of Dawn's trial counsel to investigate the matter prejudiced Dawn such that, but for his counsel's alleged failure to investigate, Dawn would have insisted on going to trial rather than pleading guilty.

We find that the record in this case is insufficient to

adequately review on direct appeal Dawn's claim of ineffective assistance of counsel at the trial level. Because the issue was not raised or ruled on by the trial court and the matter necessitates an evidentiary hearing, we will not address the matter further on direct appeal.

### PROSECUTORIAL MISCONDUCT

Dawn also argues that his due process rights were violated because the prosecutor failed to disclose that the State's informant was a jail inmate at the time of the investigation.

In *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), the U.S. Supreme Court held that irrespective of the good or bad faith of the prosecution, its suppression of evidence favorable to an accused violates due process if the evidence is material to either guilt or punishment. See *State v. Boppre*, 243 Neb. 908, 503 N.W.2d 526 (1993).

Dawn did not make a specific request for information regarding the status of the State's confidential informant at the time of the crime with which Dawn was convicted, nor did he request *Brady* material in general. Nevertheless, the U.S. Supreme Court has stated that if the evidence is so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce, that duty arises even if no request is made. *United States v. Agurs*, 427 U.S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976). In such situations, if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. *Id*.

Section 29-2262.01 prohibits law enforcement agencies from using as undercover agents persons on probation, inmates of any jail, or inmates released on parole, probation, or work release. In this case, the State used an informant to introduce an undercover officer to Dawn for the purpose of making controlled drug purchases. In addition, the informant wore a microphone during these encounters to obtain evidence for use against Dawn.

Assuming, without deciding, that the State's use of this informant violated § 29-2262.01, any evidence derived from that informant would be inadmissible. Therefore, evidence that the State violated § 29-2262.01 would constitute evidence

material to Dawn's guilt or innocence because most, if not all, of the State's evidence against Dawn apparently was derived from the State's use of its confidential informant. Dawn, however, never raised this issue at the trial court level. In the absence of plain error, when an issue is raised for the first time in an appellate court, the issue will be disregarded inasmuch as the trial court cannot commit error regarding an issue never presented and submitted for disposition in the trial court. *State v. Huebner*, 245 Neb. 341, 513 N.W.2d 284 (1994).

The record before this court shows that Dawn apparently attempted to discover the identity of the informant, first through a motion to obtain police reports and then through a motion to depose the informant. The record fails to show that Dawn filed these motions because he was seeking information as to the informant's status as a jail inmate, probationer, parolee, or an inmate on work release or information of the prosecutor's failure to disclose such information. The record fails to reflect that Dawn presented the issue for disposition to the trial court or that Dawn even suggested that he suspected the prosecutor had failed to disclose information in violation of *Brady*.

Our rule precluding appellate courts from reviewing issues not raised at the trial court level is consistent with the usual duties of the prosecutor, defense counsel, and court with regard to *Brady* material. The U.S. Supreme Court has stated that in the typical case where a defendant makes only a general request for exculpatory material under *Brady*, it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld *and brings it to the court's attention*, the prosecutor's decision on disclosure is final. *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S. Ct. 989, 94 L. Ed. 2d 40 (1987).

Because Dawn never presented the issue to the trial court, we must disregard this issue in the absence of plain error. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. See *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994). In this case, the record contains nothing to show that the prosecutor failed

to disclose that the State used an informant in violation of § 29-2262.01. As stated in our discussion of Dawn's ineffectiveness of counsel claim, the record fails to disclose any evidence that the State's informant was on probation, a jail inmate, or an inmate released on parole, probation, or work release at the time he was used in the State's investigation and apprehension of Dawn. Without such evidence in the record, we cannot find plain error on the record to support a finding that the prosecutor failed to disclose material information in violation of *Brady*.

### APPEAL BOND

Dawn argues that the district court abused its discretion by setting an appeal bond in the amount of $50,000 cash for an indigent. Once a defendant has been convicted of the felony charged, he is not entitled to be released on bail; such determination is left to the discretion of the trial court, which may prescribe the amount of the bond and the conditions thereof if one is set. See, Neb. Rev. Stat. § 29-2303 (Reissue 1989); *State v. Woodward*, 210 Neb. 740, 316 N.W.2d 759 (1982).

Dawn was convicted of a Class III felony, which carries a penalty of up to 20 years' imprisonment, a $25,000 fine, or both. See Neb. Rev. Stat. §§ 28-416 (Cum. Supp. 1992) and 28-105 (Reissue 1989). In addition, the record shows that in two prior cases, Dawn had failed to appear after being released on bail in each case. Under these circumstances, we find no abuse of discretion in the district court's decision to set the appeal bond at $50,000 cash.

### CONCLUSION

Until this court appointed counsel for Dawn, he was denied his constitutional right to counsel on direct appeal. We hold that after a defendant has perfected his or her direct appeal to an appellate court, if the defendant is without counsel, the appellate court, in its supervisory capacity and through its inherent power to do those things reasonably necessary for the administration of justice, may enter an order directing the trial court to appoint counsel to represent that defendant on appeal if the defendant asks that counsel be appointed and the

defendant satisfactorily shows by affidavit to the district court that he or she is indigent.

We further find that the record in Dawn's case is inadequate to review on direct appeal his claim of ineffectiveness of counsel. Because he failed to present the issue of prosecutorial misconduct to the trial court and because the record is insufficient to support a finding of plain error on this issue, we also are unable to find that the prosecutor violated Dawn's due process rights by failing to disclose material information. Finally, we find no abuse of discretion in the district court's decision to set Dawn's appeal bond at $50,000 cash. Therefore, the trial court's judgment is in all respects affirmed.

AFFIRMED.