statute of limitations, in granting Southfork's motion for summary judgment, and in dismissing the Adamses' complaint. Therefore, we reverse the order of the district court granting Southfork's motion for summary judgment and remand the matter as to the Adamses' complaint against Southfork back to the district court for further proceedings consistent with this opinion.

Affirmed in part, and in part reversed and remanded for further proceedings.

---

State of Nebraska, appellee, v.
Agok Arok Agok, appellant.
___ N.W.2d ___

Filed November 10, 2014.    No. A-14-141.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Postconviction: Constitutional Law: Proof.** A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the state or federal Constitutions.
3. **Attorneys at Law: Appeal and Error.** Attorneys of record of the respective parties in the court below shall be deemed the attorneys of the same parties in the appellate court, until a withdrawal of appearance has been filed.
4. **Criminal Law: Attorneys at Law: Appeal and Error.** Counsel in any criminal case pending in an appellate court may withdraw only after obtaining permission of the appellate court.
5. **Criminal Law: Attorneys at Law: Notice: Appeal and Error.** Counsel appointed in the district court to represent a defendant in a criminal case other than a postconviction action shall, upon request by the defendant after judgment, file a notice of appeal and continue to represent the defendant unless permitted to withdraw by the appellate court.
6. **Effectiveness of Counsel: Appeal and Error.** A defendant's desire to argue that trial counsel was ineffective gives rise to a potential conflict of interest, precluding trial counsel from continued representation of the defendant on appeal.
7. **Right to Counsel: Courts: Appeal and Error.** When trial counsel files a motion to withdraw in the appellate court due to a conflict of interest, the appellate court shall issue an order to the district court directing it to appoint counsel if the defendant requests counsel be appointed and shows by affidavit to the district court that he is indigent.

8. **Right to Counsel: Appeal and Error.** When an indigent defendant is deprived of his constitutional right to counsel by not being furnished an attorney to present his direct appeal to an appellate court, the defendant is not afforded an effective appeal, and the decision thereon is deemed a nullity.

Appeal from the District Court for Hall County: James D. Livingston, Judge. Reversed and remanded with directions.

Agok Arok Agok, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

Moore, Chief Judge, and Riedmann and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Agok Arok Agok appeals from the order of the district court for Hall County dismissing his motion for postconviction relief without an evidentiary hearing. Because we find that Agok was denied his constitutional right to be represented by counsel on direct appeal, we reverse the dismissal of Agok's motion for postconviction relief and remand the matter to the district court with directions to grant Agok a new direct appeal and to appoint new counsel to represent him for such appeal.

## BACKGROUND

In April 2013, Agok was convicted by a jury of terroristic threats and use of a weapon to commit a felony. He was sentenced to concurrent prison terms of 1 to 2 years and 5 to 8 years, respectively. After sentencing, Agok's trial counsel, a deputy public defender, informed Agok that she would not be able to represent him on appeal due to his claim that she provided ineffective assistance of counsel. She did, however, assist him in preparing and filing the necessary documents to perfect his appeal.

Agok, appearing pro se, timely filed a notice of appeal, an application to proceed in forma pauperis, and a poverty affidavit, as well as a document titled "Assignment of Errors," listing ineffective assistance of trial counsel as the sole error assigned.

The district court granted Agok's application to proceed in forma pauperis, and his appeal was docketed in this court as case No. A-13-578.

After his appeal was perfected, Agok filed a pro se motion for the appointment of new counsel in the district court. The district court entered an order the following day stating that the appellate court obtained exclusive jurisdiction over the case upon the filing of his notice of appeal and that therefore, any motions must be made to the appellate court. Accordingly, Agok filed a subsequent pro se motion for appointment of counsel in this court, which we "[o]verruled without prejudice to filing in the sentencing court." We subsequently dismissed Agok's appeal in case No. A-13-578 on October 18, 2013, due to his failure to file a brief.

Agok filed a motion for postconviction relief in the district court, alleging that trial counsel was ineffective for failing to file an appeal. The district court dismissed the motion without an evidentiary hearing. It noted that counsel was not ineffective for failing to file an appeal, because Agok's appeal had been perfected.

Agok timely appeals the district court's judgment.

## ASSIGNMENTS OF ERROR

Agok assigns that the district court erred in dismissing his motion for postconviction relief, because his counsel was ineffective for failing to file an appellate brief, and that he was denied counsel at a critical stage of the proceedings.

## STANDARD OF REVIEW

[1,2] A defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000). A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the state or federal Constitutions. *Id.*

## ANALYSIS

[3-5] The Nebraska court rules of appellate practice provide that the attorneys of record of the respective parties in the

court below shall be deemed the attorneys of the same parties in the appellate court, until a withdrawal of appearance has been filed. See Neb. Ct. R. App. P. § 2-101(F)(1) (rev. 2010). Counsel in any criminal case pending in an appellate court may withdraw only after obtaining permission of the appellate court. *Id.* Counsel appointed in the district court to represent a defendant in a criminal case other than a postconviction action shall, upon request by the defendant after judgment, file a notice of appeal *and continue to represent the defendant unless permitted to withdraw by the appellate court.* Neb. Ct. R. App. P. § 2-103(A).

[6] The record before us reflects that trial counsel is a deputy public defender that was appointed to represent Agok at the trial court level. Although counsel assisted Agok in preparing and filing a notice of appeal, she violated the foregoing rules by ceasing to represent him without filing a motion to withdraw in this court after his appeal had been perfected. We recognize that trial counsel could not continue to represent Agok on appeal due to his claim that she provided ineffective assistance of counsel. See *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006) (defendant's desire to argue that trial counsel was ineffective gave rise to potential conflict of interest, because it placed trial counsel in position of having to argue his or her own ineffectiveness). However, Agok's trial counsel was required to file a motion in this court requesting permission to withdraw and stating the reason for the request. See § 2-103(B).

[7] We note that Agok filed a motion for appointment of counsel in this court in August 2013, and we denied the motion without prejudice to filing in the trial court. See *Pennfield Oil Co. v. Winstrom*, 276 Neb. 123, 752 N.W.2d 588 (2008) (stating that in interwoven and interdependent cases, appellate court may examine its own records and take judicial notice of proceedings and judgment in former action involving party). At that time, although Agok had filed pro se pleadings in this court, the transcript revealed that he was represented by the Hall County public defender's office through trial and sentencing and that there was no indication of counsel's withdrawal. Had the public defender properly filed a motion

to withdraw as counsel in our court, we would have issued an order directing the district court to appoint counsel to represent Agok on direct appeal, provided he asked that counsel be appointed and satisfactorily showed by affidavit to the district court that he was indigent. See *State v. Dawn*, 246 Neb. 384, 519 N.W.2d 249 (1994).

[8] Because this procedure was not followed in this case, Agok was forced to proceed with his direct appeal without counsel. When an indigent defendant is deprived of his constitutional right to counsel by not being furnished an attorney to present his direct appeal to an appellate court, the defendant is not afforded an effective appeal, and the decision thereon is deemed a nullity. *State v. Dawn, supra*. Agok's indigence was established when the district court granted his application to proceed in forma pauperis on appeal. Thus, he had a right to appointed counsel for his direct appeal. See, *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

Because Agok was deprived of his right to be represented by counsel on appeal, we reverse the dismissal of Agok's motion for postconviction relief and remand the matter to the district court with directions to grant Agok a new direct appeal and to appoint new counsel to represent him for such appeal.

## CONCLUSION

For the foregoing reasons, we reverse the dismissal of Agok's motion for postconviction relief and remand the matter to the district court with directions to grant Agok a new direct appeal and to appoint new counsel to represent him.

REVERSED AND REMANDED WITH DIRECTIONS.