Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/08/2016 09:04 AM CST

State of Nebraska, appellee, v.
Curtis H. Lavalleur, appellant.

___ N.W.2d ___

Filed January 8, 2016.    No. S-15-481.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Double Jeopardy.** The Double Jeopardy Clauses of both the federal and Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.
4. **Collateral Estoppel: Words and Phrases.** Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.
5. **Criminal Law: Collateral Estoppel.** Although first developed in civil litigation, collateral estoppel is also an established rule of criminal law.
6. ____: ____. Where a previous judgment of acquittal was based upon a general verdict, a court must examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.

Appeal from the District Court for Lancaster County: Andrew R. Jacobsen, Judge. Reversed and remanded for further proceedings.

Joseph D. Nigro, Lancaster County Public Defender, Webb E. Bancroft, and Amy J. Peters, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, and CASSEL, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Curtis H. Lavalleur was previously acquitted of one count of first degree sexual assault and convicted of one count of attempted first degree sexual assault. This court reversed his conviction and remanded the cause for a new trial. The State then sought to file an amended information. Lavalleur's plea in bar on double jeopardy grounds was denied. He appeals. We reverse.

## FACTUAL BACKGROUND

A more complete recitation of facts is found in our 2014 opinion in this case, *State v. Lavalleur* (*Lavalleur I*).[1] Other facts will be referenced as relevant to the issues presented by this appeal.

Lavalleur was originally charged with one count of first degree sexual assault (digital penetration) and one count of attempted first degree sexual assault (penile penetration). Following a jury trial, he was acquitted of first degree sexual assault and convicted of attempted first degree sexual assault.[2]

Lavalleur appealed. We reversed, concluding that evidence that the victim was involved in an intimate relationship was not inadmissible under Nebraska's rape shield statute, Neb. Rev.

---

[1] *State v. Lavalleur*, 289 Neb. 102, 853 N.W.2d 203 (2014).

[2] *Id.*

Stat. § 27-412(1) (Cum. Supp. 2014), so long as the evidence sought to be admitted did not touch upon the victim's "'sexual behavior'" or "'sexual predisposition.'"[3] We concluded that the evidence Lavalleur sought to admit was relevant and that its exclusion was not harmless. We also held that the jury was not properly instructed as to the charge of attempted first degree sexual assault.

We issued our opinion on September 19, 2014, and the cause was remanded to the district court. On remand, discovery proceeded and the case was set for retrial during the April 6, 2015, jury term.

A hearing on the State's motion to amend the information was held on March 25, 2105. At that hearing, Lavalleur's counsel objected to the amendment of the information on double jeopardy grounds. The State's response was that "we don't know the reason why the jury found . . . Lavalleur not guilty, whether it was consent or diminished capacity or a combination or whatever." At the conclusion of that hearing, the district court sustained Lavalleur's objection to the motion to amend.

But on April 8, 2015, several things happened, per the district court's journal entry:

[Lavalleur] asks leave to withdraw plea, leave is granted. [Lavalleur] asks leave to file plea in bar. Leave is granted. Case set for jury trial 4-9-15 at 2:00. [Lavalleur] requests 10 days to prepare for hearing on plea in bar. Request is granted. Hearing on plea in bar set for 4-20-15 at 2:30. [Lavalleur] is ordered to appear. State orally moves to amend count 2 of the information. State directed to file written motion. Motion for leave to file amended information set for 4-20-15 at 2:30. Trial continued.

On April 15, 2015, a hearing was held on the State's motion to reconsider the court's denial of the motion to amend. At this hearing, Lavalleur again objected to the State's

---

[3] *Id.* at 114, 853 N.W.2d at 214.

amendment of the information on double jeopardy grounds and noted that leave to both withdraw Lavalleur's not guilty plea and file a plea in bar had been granted on April 8, apparently based upon the assumption that the court had decided it would grant the State's motion to amend after all. And indeed, the court did so. The court's journal entry for April 15 noted that the State's

> [m]otion to reconsider motion to amend information is sustained. State given leave to file amended information. [Lavalleur] was arraigned and stood mute. Court entered plea of not guilty. After subsequent telephonic conference with . . . counsel the plea entered by the court is vacated and withdrawn pending a preliminary hearing which is set for 4-20-15 at 2:30 . . . . [Lavalleur] given leave to file amended plea in bar which will be reset after the arraignment.

At this hearing, the district court also gave an indication as to how it would rule on the not-yet-heard plea in bar:

> I'm not sure on what basis [the jurors] found him guilty [sic]. Maybe they didn't think that she was subjected to sexual penetration. Maybe they thought she didn't consent. Maybe they thought she was mentally or physically incapable. But the jury verdict doesn't set forth the specific grounds for the reasons that they acquitted him on that charge.

Count I of the original information charged Lavalleur with first degree sexual assault. The information alleged that he "subject[ed] M.J. to sexual penetration when he knew or should have known that M.J. was mentally or physically incapable of resisting or appraising the nature of his or her conduct or without her consent." But count II, attempted first degree sexual assault in the original information, did not allege that M.J was "mentally or physically incapable of resisting or appraising the nature of his or her conduct." That charge alleged only that Lavalleur "did attempt to subject M.J. to sexual penetration without her consent." Note

that these counts are not particularly specific with respect to what penetration was alleged. However, the parties agree that count I, first degree sexual assault, dealt with digital penetration, while count II, the attempt charge, dealt with penile penetration. This court implicitly acknowledged this in its opinion below.

The amended information charged Lavalleur with attempted first degree sexual assault. The allegation in the amended information was that Lavalleur "did attempt to subject M.J. to sexual penetration, to wit: penile/vaginal intercourse, *when he knew or should have known that M.J. was mentally or physically incapable of resisting or appraising the nature of his or her conduct* or without M.J.'s consent." (Emphasis supplied.)

Lavalleur's plea in bar was heard on May 13, 2015. In that filing, Lavalleur alleged that "he has before had a judgment of acquittal of the same offense." At the hearings on the State's motion to reconsider and Lavalleur's plea in bar, Lavalleur argued that "[a] jury has already found that the alleged victim was not incapacitated to the extent that she could neither consent or know whether consent was given or not." The district court denied the plea in bar on May 14.

Lavalleur appeals.

ASSIGNMENT OF ERROR

Lavalleur assigns that the district court erred in denying his plea in bar.

STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law.[4] On a question of law, an appellate court reaches a conclusion independent of the court below.[5]

---

[4] *State v. Muhannad*, 290 Neb. 59, 858 N.W.2d 598 (2015).

[5] *Id.*

ANALYSIS

[3] The Double Jeopardy Clauses of both the federal and Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[6] This case falls within the first category—a second prosecution after acquittal. But it is factually distinct from our usual double jeopardy case law, because the State does not seek to retry Lavalleur for first degree sexual assault. Instead, the State seeks to amend the attempted first degree sexual assault charge against Lavalleur to include an element of which Lavalleur has arguably already been acquitted when he was acquitted of first degree sexual assault.

[4-6] This case, then, raises the basic principles of collateral estoppel, which are embodied within the protections of the Double Jeopardy Clause, and as discussed by the U.S. Supreme Court in *Asche v. Swenson*[7]:

> "Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since [1916]. As Mr. Justice Holmes put the matter . . . "It cannot be that the safeguards of the person, so often and so rightly mentioned with solemn reverence, are less than those that protect from a liability in debt." . . . As a rule of federal law, therefore, "[i]t is much too late to

---

[6] *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

[7] *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970) (citation omitted). See, also, *State v. Bruckner*, 287 Neb. 280, 842 N.W.2d 597 (2014).

suggest that this principle is not fully applicable to a former judgment in a criminal case, either because of lack of 'mutuality' or because the judgment may reflect only a belief that the Government had not met the higher burden of proof exacted in such cases for the Government's evidence as a whole although not necessarily as to every link in the chain."

The Court continued:

The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." . . . Any test more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal.[8]

The specific issue in this case regards the State's amended information. The State originally charged Lavalleur with two different counts: (1) first degree sexual assault, where Lavalleur "knew or should have known that M.J. was mentally or physically incapable of resisting or appraising the nature of his or her conduct or without M.J.'s consent," and (2) attempted first degree sexual assault, where Lavalleur

---

[8] *Id.*, 397 U.S. at 444 (citation omitted).

allegedly "did attempt to subject M.J. to sexual penetration without her consent."

In order to convict Lavalleur of first degree sexual assault, the jury had to find that Lavalleur subjected the victim to penetration, and that when he did so, he knew or should have known that she "was mentally or physically incapable of resisting or appraising the nature of his or her conduct," or that she did not consent. Thus, a jury had to find penetration and consent, or inability to consent. Put another way, if a jury found penetration and the lack of consent or the inability to consent, it had to convict Lavalleur.

The district court and the State both indicated that it was unknown why the jury returned a verdict of acquittal on the first degree sexual assault charge. The district court even noted that it was possible that the jury found there was no penetration. But while the verdict of the jury was a general one, it is possible to determine the basis of the jury's acquittal.

*Ashe* explains that because the prior judgment was based upon a general verdict, a court may "'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'"[9]

So we examine that record. In this case, M.J. testified that she did not remember anything that happened after she lay down to go to sleep, and suggested that Lavalleur might have drugged her. As such, M.J. had no testimony regarding digital penetration.

But Lavalleur testified that he did digitally penetrate M.J. The prosecutor noted in closing arguments that Lavalleur admitted that he digitally penetrated M.J., that the State had proved penetration, and as such, that "the only issue is did . . . Lavalleur know or should he have known that [M.J.] was not

---

[9] *Id.*

in any condition to give consent to hi[s] digitally penetrating her, or by her conduct, did she not consent to this."

By examining the trial record, we can safely conclude that the jury found that Lavalleur penetrated M.J.; a rational jury could not find otherwise where Lavalleur admitted to the contact and the State argued that penetration was not at issue. As such, the jury was left only with the issue of whether M.J. consented or was unable to consent. Because a jury would have been forced to convict if it concluded that M.J. was unable to consent or did not consent, the jury must have concluded that M.J. consented. Where penetration was proved, only a conclusion that M.J. consented could support Lavalleur's acquittal.

We must therefore conclude that the jury found that M.J. was able to consent, and did in fact consent, to the penetration. Because the jury found that M.J. did consent, the jury clearly also had to find that M.J. was capable of consenting.

The attempted first degree sexual assault charge in count II was based on the same basic factual situation as the charge in count I. Thus, any conclusion as to count I that M.J. was capable of consenting would be equally applicable to count II; on these facts it is not possible for M.J. to be capable of consenting to digital penetration but incapable of consenting to penile penetration.

This issue—whether M.J. consented or was incapable of consenting—is one of ultimate fact, which the jury decided in Lavalleur's favor. This issue cannot again be litigated between the same parties. Although we may not have jurisdiction to opine that the district court erred in allowing the amendment, we clearly have jurisdiction to review the amendment's effect upon Lavalleur's right to not be subject to double jeopardy. And the operative information, after the amendment, violates that right.

The district court erred in denying Lavalleur's plea in bar. We reverse the district court's denial and remand the cause for further proceedings which may, at the State's option, include

Lavalleur's retrial on the attempted first degree sexual assault charge, so long as that retrial is not inconsistent with either this opinion or this court's opinion in *Lavalleur I*.

We observe, however, that in connection with our conclusion that the jury instructions relating to the attempt charge were incorrect in *Lavalleur I*, this court stated that the State was required to prove that Lavalleur "intended to subject M.J. to [sexual] penetration either without her consent *or when she was incapable of resisting or appraising the nature of her conduct*."[10] This was an incorrect statement, because, as we have noted in our opinion today, the attempt charge in the original information did not allege that M.J. was "incapable of resisting or appraising the nature of her conduct." As such, we disapprove of that portion of *Lavalleur I*.

## CONCLUSION

The decision of the district court denying Lavalleur's plea in bar is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

McCORMACK and STACY, JJ., not participating.

---

[10] *State v. Lavalleur, supra* note 1, 289 Neb. at 118, 853 N.W.2d at 216 (emphasis supplied).