Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/27/2017 09:13 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
PATRICK J. COMBS, APPELLANT.
___ N.W.2d ___

Filed August 4, 2017.    No. S-16-798.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
4. **Criminal Law: Final Orders: Sentences.** In a criminal case, the final judgment is the sentence.
5. **Final Orders.** The three categories of final orders in Neb. Rev. Stat. § 25-1902 (Reissue 2016) are exclusive.
6. **Criminal Law: Pleadings: Directed Verdict.** A motion for judgment of acquittal is a criminal defendant's request, at the close of the government's case or the close of all evidence, to be acquitted because there is no legally sufficient evidentiary basis on which a reasonable jury could return a guilty verdict.
7. **Pleadings: Directed Verdict.** A motion for judgment of acquittal is simply another name for a motion for directed verdict of acquittal.
8. **Motions to Dismiss: Directed Verdict.** A motion to dismiss at the close of all the evidence has the same legal effect as a motion for directed verdict.
9. **Directed Verdict: Motions for Mistrial: Time.** A motion for judgment of acquittal or motion for directed verdict is untimely if made after a mistrial has been declared.
10. **Motions to Dismiss: Directed Verdict: Waiver: Appeal and Error.** A defendant who moves for dismissal or a directed verdict at the close of the evidence in the State's case in chief in a criminal prosecution and who, when the court overrules the dismissal or directed verdict motion,

proceeds with trial and introduces evidence, waives the appellate right to challenge correctness in the trial court's overruling the motion for dismissal or a directed verdict but may still challenge the sufficiency of the evidence.

11. **Criminal Law: Final Orders.** A judgment entered during the pendency of a criminal cause is final when no further action is required to completely dispose of the cause pending.

12. **Double Jeopardy: Pleadings.** A plea in bar may be filed to assert any nonfrivolous double jeopardy claim arising from a prior prosecution.

13. **Pleadings: Final Orders: Appeal and Error.** An order overruling a plea in bar is a final, appealable order.

14. **Double Jeopardy: Pleadings.** A plea in bar may be used to raise a double jeopardy challenge to the State's right to retry a defendant following a mistrial.

15. **Constitutional Law: Double Jeopardy.** The 5th Amendment's protection against double jeopardy applies to states through the 14th Amendment to the U.S. Constitution.

16. **Constitutional Law: Criminal Law: Double Jeopardy.** The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution prohibits a criminal defendant from being put in jeopardy twice for the same offense and unequivocally prohibits a second trial following an acquittal.

17. **Double Jeopardy.** The Double Jeopardy Clause's prohibition on retrial is not unequivocal when the first trial ends in a mistrial.

18. **Motions for Mistrial.** Where a mistrial is declared over a defendant's objection, he or she may only be retried if the prosecution can demonstrate a "manifest necessity" for the mistrial.

19. **Double Jeopardy: Motions for Mistrial.** Where a mistrial is declared at the behest of the defendant, the "manifest necessity" standard has no place in the application of the Double Jeopardy Clause.

20. **Double Jeopardy: Motions for Mistrial: Prosecuting Attorneys.** The narrow exception to the rule that where a defendant asks the court to declare a mistrial, the Double Jeopardy Clause does not bar retrial, is limited to those cases in which the prosecution's conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial.

21. **Trial: Juries: Verdicts.** A jury's action cannot become a verdict until it is finally rendered in open court and received and accepted by the trial judge.

22. **Trial: Verdicts.** A verdict, to be of any validity, must be delivered in open court.

23. **Juries: Verdicts.** A vote taken in the privacy of jury deliberations is not a verdict.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Affirmed.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Wright, Miller-Lerman, Stacy, Kelch, and Funke, JJ.

Wright, J.

## NATURE OF CASE

The appellant, Patrick J. Combs, was charged with four crimes in the district court for Lancaster County. His case was tried to a jury. After deliberating for 3 days, the jury reported that it was deadlocked. Combs moved for a mistrial, which the district court sustained. After the mistrial, Combs discovered that, according to the presiding juror, the jury had voted unanimously during its deliberations to acquit him on three of the four charges, but mistakenly thought it had to reach a unanimous verdict on all charges. Combs moved for a judgment of acquittal, which the district court overruled. Combs then filed a plea in bar, which the district court overruled. Combs appeals the overruling of his plea in bar on the ground that retrial of the three counts on which the jury reportedly voted to acquit him would violate the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. We affirm the district court's order overruling Combs' plea in bar.

## BACKGROUND

Combs was charged with four crimes in connection with his financial dealings with Harold and Beverly Mosher. Combs was charged with (1) attempted theft by unlawful taking, over $1,500; (2) abuse of a vulnerable adult; (3) theft by unlawful

taking; and (4) unauthorized use of a financial transaction device, over $1,500. The details of these allegations and the evidence presented at trial are not relevant to this appeal.

A lengthy jury trial was held. At the conclusion of the State's evidence and again after the defense's evidence, Combs moved to dismiss. These motions were overruled, and the case was submitted to the jury. During its deliberations, the jury submitted several questions to the court in writing, which the court answered. After 2 days of deliberations, Combs moved for a mistrial, "largely out of concern that the time has become fairly lengthy," which motion the district court overruled because the court "had no indication from the jury that there's a problem."

On the third day, the court spoke with counsel for Combs and the State and said, "The jury has submitted a question . . . that reads, The jury in the above-entitled case requests the court's advice on how to proceed as the jury is unable to reach a unanimous verdict at this time." Combs renewed his motion for mistrial. The district court overruled Combs' motion and gave the jury a supplemental instruction, over Combs' objection, instructing the jury to continue deliberating and urging the jury to continue trying to reach a verdict.

About 2 hours later, the district court received another note from the jury, requesting advice and stating that it was "deadlocked with no apparent ability to agree on a verdict." The court said, "This is the second communication I've had that they're deadlocked. I sent them to lunch after getting that communication earlier. It seems like they mean it now."

Combs' counsel renewed his motion for mistrial, saying, "[I]t is now quite apparent to me, you know, whether the verdict is eleven to one for acquittal or eleven to one for conviction or anything in between, that this jury has made it clear that any further deliberations would not be likely to result in a verdict." Counsel for the State agreed that the jury was deadlocked. The court said, "I don't think we're going to get anywhere with this jury or [get] any further with this jury," and

it declared a mistrial and dismissed the jury. The jury did not complete the verdict form it was given by the court.

After the mistrial, Combs filed a motion for judgment of acquittal. As to count 1, Combs argued that there was insufficient evidence presented by the State. As to the other three counts, Combs' counsel stated that he learned after trial that the jury had unanimously voted in its deliberations to acquit Combs on counts 2 through 4, but mistakenly thought it was required to have a unanimous verdict on all counts.

Combs presented the affidavit of the presiding juror. The presiding juror stated that she supervised the deliberations and conducted the votes of the jury members. She said that the jury voted unanimously to find Combs not guilty on counts 2 through 4. She said that following "extensive deliberations" on count 1, the jury voted 11 to 1 to find Combs not guilty. She said that she told the bailiff that "the jury had reached unanimous verdicts on 3 of the counts, without divulging which counts or whether [it] found guilty or not on those, but that [it] had deadlocked on the remaining count." The presiding juror assumed that this information was passed on to the judge. She said that "[i]t was the jury's general understanding from the jury instructions provided . . . that [it] had to find unanimously on all four counts, albeit separately guilty or not guilty on each count."

At the hearing on the motion for judgment of acquittal, the State submitted two emails that were sent from other jurors to the court, which potentially conflicted in part with the affidavit of the presiding juror. The emails were not affidavits and did not contain sworn testimony. In the first email, the juror said that the votes to find Combs not guilty on counts 2 through 4 were preliminary votes and that he believed the jurors were still free to change their minds. That juror also wrote that a holdout juror said that he felt pressured to vote not guilty. The juror confirmed in the email that the jury mistakenly believed it had to find Combs guilty on all four counts.

In the second juror email, the juror also said that the jury "seemed to agree not guilty on three" of the counts. The juror said that the holdout juror on the one count on which the jurors disagreed said that he "'went along'" with everyone else on the other three counts.

The district court overruled Combs' motion for judgment of acquittal.

Combs then filed a plea in bar to prohibit the retrial of counts 2 through 4 on the bases that the jury found him not guilty on those counts and that retrial would violate the Double Jeopardy Clause of the U.S. Constitution. The district court overruled the plea in bar. Combs appealed.

## ASSIGNMENTS OF ERROR

Combs asserts the district court erred in not sustaining his plea in bar for counts 2 through 4, of which the jury reportedly voted unanimously to acquit him. He also claims the district court erred in failing to sustain his motion for judgment of acquittal and failing to sustain his motion to dismiss at the close of the evidence. He argues that the district court committed plain error in not inquiring whether the jury was deadlocked on all or some of the counts. He also argues that "plain error exists" by the presiding juror's not publishing the jury's verdict for counts 2 through 4. Finally, Combs argues that the district court erred in admitting opinion testimony from a caregiver as to whether the alleged victim had capacity to execute legal documents.

## STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law.[1] On a question of law, an appellate court reaches a conclusion independent of the court below.[2]

---

[1] *State v. Todd*, 296 Neb. 424, 894 N.W.2d 255 (2017).

[2] *Id.*

## ANALYSIS

### Appellate Jurisdiction: Combs' Assignments of Trial Error

Because Combs' trial ended in a mistrial with no verdict, there was no final order or judgment. Therefore, this court lacks jurisdiction over Combs' assignments of error arising from his trial. The only final order in this case was the district court's overruling of Combs' plea in bar.

[3,4] This court has stated many times that "for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment."[3] In a criminal case, the final judgment is the sentence.[4] Because Combs' trial ended in a mistrial, no sentence was issued. Thus, there is no final judgment. Because there is no judgment in this case, Combs may only appeal if there is a final order.

[5] Final orders have been defined by statute in Nebraska since 1858.[5] Under § 25-1902, the three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.[6] We have interpreted these three statutory categories of final orders as exclusive.[7]

---

[3] *Heckman v. Marchio*, 296 Neb. 458, 462, 894 N.W.2d 296, 300 (2017).

[4] See *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015). See, also, Neb. Rev. Stat. § 25-1911 (Reissue 2016).

[5] John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239 (2001). See, also, Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[6] *In re Interest of Becka P. et al.*, 296 Neb. 365, 894 N.W.2d 247 (2017).

[7] See *Heckman v. Marchio, supra* note 3, 296 Neb. at 464, 894 N.W.2d at 301 (rejecting judicially created collateral order doctrine that allowed appeals of orders not final under three categories of § 25-1902 and quoting Lenich, *supra* note 5, "'Section 25-1902 specifies three types of final orders, which implies that there are no others'").

The district court's overruling of Combs' motions to dismiss and motion for judgment of acquittal were not final orders.

Combs argues that "the Trial Court erred in failing to sustain the motion for judgment of acquittal as to all Counts" and that "the Trial Court erred in failing to dismiss the case at the close of the evidence." He argues that the court should have dismissed the charges at the conclusion of the State's evidence and should have entered a judgment of acquittal on all counts because the evidence was insufficient to submit the case to the jury.

[6-8] A motion for judgment of acquittal is "[a] criminal defendant's request, at the close of the government's case or the close of all evidence, to be acquitted because there is no legally sufficient evidentiary basis on which a reasonable jury could return a guilty verdict."[8] A motion for judgment of acquittal is simply another name for a motion for directed verdict of acquittal.[9] And a motion to dismiss at the close of all the evidence has the same legal effect as a motion for directed verdict.[10] Thus, whether styled as a motion for judgment of acquittal, motion for directed verdict, or motion to dismiss, these motions all have the same effect when used to challenge the sufficiency of the State's evidence at the conclusion of the State's case or the conclusion of the evidence.

[9] Combs' motion for judgment of acquittal was untimely because it was filed after the court declared a mistrial. Because a motion for judgment of acquittal is a motion for a directed verdict, such a motion logically cannot be made after a trial has ended in a mistrial.

---

[8] Black's Law Dictionary 1170 (10th ed. 2014).

[9] See *State v. Foster*, 230 Neb. 607, 611, 433 N.W.2d 167, 169 (1988) (citing case from another jurisdiction and "not[ing] that [that jurisdiction's] motion for acquittal is procedurally the same as our motion for a directed verdict").

[10] *Mock v. Neumeister*, 296 Neb. 376, 892 N.W.2d 569 (2017).

[10] Combs' has waived his claim that the district court erred in overruling his motions to dismiss. A defendant who moves for dismissal or a directed verdict at the close of the evidence in the State's case in chief in a criminal prosecution and who, when the court overrules the dismissal or directed verdict motion, proceeds with trial and introduces evidence, waives the appellate right to challenge correctness in the trial court's overruling the motion for dismissal or a directed verdict but may still challenge the sufficiency of the evidence.[11]

[11] Here, Combs waived his right to challenge the overruling of his motions to dismiss by proceeding with trial and introducing evidence in his defense. And Combs cannot challenge the sufficiency of the evidence underlying a conviction because no verdict was reached by the jury; there is no conviction to challenge. Furthermore, the overruling of a motion to dismiss is typically not a final order.[12] As this court has said, "'A judgment entered during the pendency of a criminal cause is final when no further action is required to completely dispose of the cause pending.'"[13] The order overruling the motion to dismiss was not a final order because it did not "completely dispose of" the case.

Because Combs sought and was granted a mistrial, he cannot now challenge the district court's failure to inquire whether the jury was deadlocked on all counts. We point out that the better practice would have been for the district court to have inquired of the jury whether it was deadlocked on every count before it granted a mistrial.

Combs cannot challenge as error the presiding juror's failure to publish the jury's verdict on counts 2 through 4. Appellate

---

[11] *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016).

[12] *StoreVisions, Inc. v. Omaha Tribe of Nebraska*, 281 Neb. 238, 795 N.W.2d 271 (2011) (concluding in civil case that motion to dismiss is not special proceeding and that overruling of motion to dismiss is not final order).

[13] *State v. Warner*, 290 Neb. 954, 959, 863 N.W.2d 196, 200 (2015) (discussing "the final order requirement in the context of § 29-2315.01" regarding appeals by the prosecution).

courts consider errors made by the trial court, which may relate to the jury. Our rules of appellate procedure direct appellants to include in their briefs a "separate, concise statement of each error a party contends was made *by the trial court*,"[14] not by the jury.

Finally, Combs cannot challenge the admission of certain opinion testimony because the court's admission of such testimony is not subject to review, since Combs was granted a mistrial. No judgment was rendered in Combs' trial because it resulted in a mistrial.

[12,13] But we have held that "a plea in bar . . . may be filed to assert any nonfrivolous double jeopardy claim arising from a prior prosecution" and that an "order overruling the plea in bar [is] a final, appealable order."[15] A plea in bar is a special proceeding'" for purposes of § 25-1902, and a nonfrivolous double jeopardy claim affects a substantial right.[16] Thus, the district court's order overruling Combs' plea in bar is a final, appealable order that we have jurisdiction to review.

## OVERRULING OF COMBS' PLEA
### IN BAR: DOUBLE JEOPARDY

Combs argues that the district court erred in overruling his plea in bar. He argues that he presented evidence that the jury voted to acquit him on three of the four counts, but that the jury did not enter a verdict of acquittal on those counts because it mistakenly thought it had to reach a unanimous verdict on all counts. He asserts that he was effectively acquitted on those counts and that the Double Jeopardy Clause of the U.S. Constitution bars retrial.

[14] Under Neb. Rev. Stat. § 29-1817 (Reissue 2016), a criminal defendant "may . . . offer a plea in bar to the indictment that he has before had judgment of acquittal, or been

---

[14] Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014) (emphasis supplied).

[15] *State v. Williams*, 278 Neb. 841, 850-51, 774 N.W.2d 384, 392 (2009).

[16] *Id.* at 847, 774 N.W.2d at 390.

convicted, or been pardoned for the same offense." A plea in bar may be used to raise a double jeopardy challenge to the State's right to retry a defendant following a mistrial.[17]

[15-17] The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution provides that "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." The 5th Amendment's protection against double jeopardy applies to states through the 14th Amendment to the U.S. Constitution.[18] This provision prohibits a criminal defendant from being put in jeopardy twice for the same offense and "unequivocally prohibits a second trial following an acquittal."[19] But this prohibition on retrial is not unequivocal when the first trial ends in a mistrial.[20]

[18-20] Where a mistrial is declared over a defendant's objection, he or she may only be retried if the prosecution can demonstrate a "'manifest necessity'" for the mistrial.[21] But as the U.S. Supreme Court has said, "[Where] a mistrial [is] declared at the behest of the defendant, quite different principles come into play. [Where] the defendant himself has elected to terminate the proceedings against him . . . the 'manifest necessity' standard has no place in the application of the Double Jeopardy Clause."[22] Where a defendant asks the court to declare a mistrial, the Double Jeopardy Clause does not bar retrial, subject to one "narrow exception."[23]

---

[17] See *State v. Williams, supra* note 15.

[18] U.S. Const. amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law"); *Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969).

[19] *Arizona v. Washington*, 434 U.S. 497, 503, 98 S. Ct. 824, 54 L. Ed. 2d 717 (1978).

[20] See *Arizona v. Washington, supra* note 19.

[21] *Id.*, 434 U.S. at 505.

[22] *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982).

[23] See *id.*, 456 U.S. at 673.

That narrow exception, where retrial is barred by the Double Jeopardy Clause following a mistrial declared on the defendant's motion, is "limited to those cases in which the [prosecution's] conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial."[24]

In this case, Combs asked the district court three times to declare a mistrial. Double Jeopardy does not bar retrial where a defendant asks the trial court to declare a mistrial.[25] The narrow exception for circumstances in which the prosecution intends to provoke the defendant into moving for a mistrial does not apply here.

[21-23] We disagree with Combs that the jury acquitted him. While the jury may have voted or tentatively voted to acquit Combs on three of the counts in its deliberations, it did not reach a verdict. The verdict form was not filled out or signed, the jury did not announce a verdict and was not available to be polled by the parties, nor was any verdict accepted by the district court. Neb. Rev. Stat. § 29-2024 (Reissue 2016) provides, "When the jury have agreed upon their verdict they must be conducted into court by the officer having them in charge. Before the verdict is accepted the jury may be polled at the request of either the prosecuting attorney or the defendant." We have said that "[a] jury's action cannot become a verdict until it is finally rendered in open court and received and accepted by the trial judge"[26] and that "[a] verdict, to be of any validity, must be delivered in open court."[27] A vote taken in the privacy of jury deliberations is not a verdict. The fact that the jury may have planned to acquit him on three counts does not mean that the Double Jeopardy Clause

---

[24] *Id.*, 456 U.S. at 679.

[25] See *id.*

[26] *State v. Anderson*, 193 Neb. 467, 469, 227 N.W.2d 857, 858 (1975).

[27] *Longfellow v. The State*, 10 Neb. 105, 107, 4 N.W. 420, 422 (1880).

prohibits retrial after the court declared a mistrial at Combs' own request.

Combs claims that the trial judge erred by not asking the jurors whether they were deadlocked on all counts. But Combs did not ask the court to inquire whether the jury had reached a verdict on all counts. Instead, he asked for a mistrial, which the court granted. Where Combs asked for and was granted a mistrial, the Double Jeopardy Clause does not bar his retrial.

## CONCLUSION

We affirm the order of the district court which overruled Combs' plea in bar. The Double Jeopardy Clause does not bar Combs' retrial after his first trial ended in a mistrial which was granted at Combs' request.

AFFIRMED.

CASSEL, J., participating on briefs.