Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

STATE OF NEBRASKA, APPELLEE, V.
CURTIS H. LAVALLEUR, APPELLANT.
___ N.W.2d ___

Filed November 17, 2017.    No. S-17-139.

1. **Pleadings.** Issues regarding the grant or denial of a plea in bar are questions of law.
2. **Judgments: Appeal and Error.** On a question of law, an appellate court reaches a conclusion independent of the court below.
3. **Evidence: Appeal and Error.** The overruling of a motion in limine is not a final ruling on the admissibility of evidence and does not present a question for appellate review.
4. **Double Jeopardy.** The Double Jeopardy Clauses of both the federal and Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.
5. **Appeal and Error.** Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication.
6. **Actions: Appeal and Error.** The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution. Matters previously addressed in an appellate court are not reconsidered unless the petitioner presents materially and substantially different facts.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed and remanded for further proceedings.

Joseph D. Nigro, Lancaster County Public Defender, Webb E. Bancroft, John C. Jorgensen, and Katherine Lesiak, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, KELCH, and FUNKE, JJ.

CASSEL, J.

## INTRODUCTION

Curtis H. Lavalleur appeals from an order denying his second plea in bar, asserting a double jeopardy violation. But Lavalleur does not challenge the operative information; rather, he seeks advance review of evidence that may be offered upon retrial. Because there have been no final evidentiary rulings, this issue lies outside of the scope of our jurisdiction over this appeal. We affirm the district court's denial of Lavalleur's plea in bar.

## BACKGROUND

This is the third time this case has been before this court on appeal and the second time Lavalleur has entered a plea in bar on double jeopardy grounds. Because a thorough factual background is already chronicled in our 2014[1] and 2016[2] opinions in this case, only those facts relevant to this appeal will be repeated.

The State originally charged Lavalleur with first degree sexual assault (digital penetration) and attempted first degree sexual assault (penile penetration). The attempted first degree sexual assault charge alleged that Lavalleur "did attempt to subject [the victim] to sexual penetration without her consent."

---

[1] *State v. Lavalleur*, 289 Neb. 102, 853 N.W.2d 203 (2014).

[2] *State v. Lavalleur*, 292 Neb. 424, 873 N.W.2d 155 (2016).

After a jury trial, Lavalleur was acquitted of first degree sexual assault and convicted of attempted first degree sexual assault. Lavalleur appealed this conviction, and we reversed the judgment and remanded the cause for a new trial after finding reversible error.[3] The acquittal of first degree sexual assault remained in full effect.

On remand, the State sought and was granted leave to file an amended information over Lavalleur's objection. In its amended information, the State again charged Lavalleur with one count of attempted first degree sexual assault. However, as well as alleging that Lavalleur attempted to subject the victim to penile penetration without her consent, the State alleged in the alternative that the victim was mentally or physically incapable of consenting. In response, Lavalleur entered his first plea in bar on double jeopardy grounds. After the district court denied it, Lavalleur timely appealed the matter to this court.[4]

In reviewing Lavalleur's assignment of error on appeal, we examined the record to find that the jury had already addressed the victim's capacity to consent. We reasoned that where Lavalleur admitted to the alleged digital penetration at issue in the first degree sexual assault charge, the jury must have found that the victim consented to the digital penetration to return a not guilty verdict on that charge. And, if the jury found that the victim consented, it clearly had to find that the victim was capable of consenting. Because we also determined "on these facts it is not possible for [the victim] to be capable of consenting to digital penetration but incapable of consenting to penile penetration," we concluded that capacity to consent could not be relitigated as to the attempted first degree sexual assault charge.[5] Accordingly, we reversed, and remanded for further proceedings.

---

[3] *Lavalleur, supra* note 1.

[4] *Lavalleur, supra* note 2.

[5] *Id.* at 432, 873 N.W.2d at 160.

On remand, the State filed a second amended information. This time, the State alleged only that Lavalleur attempted to subject the victim to penile penetration without her consent. Lavalleur subsequently filed a motion in limine seeking to prohibit testimony concerning "[a]ny claim or assertion of incapacity, state of consciousness or intoxication," on the grounds that such matters were irrelevant and would subject him to the risk of double jeopardy.

A hearing was held on the motion at which the State explained it intended to elicit testimony that the victim was asleep before the incident, but awake when Lavalleur was attempting to penetrate her with his penis. The State reasoned that the testimony would not be presented to support a diminished capacity argument, but merely to provide context for why the victim could not remember portions of the evening. The court overruled the motion in limine to allow the victim to testify that she fell asleep, with the following admonishment:

> I'm not going to allow the State to say, well, were you too intoxicated and is that why you were asleep, was it the effects of marijuana or to argue . . . that . . . Lavalleur knew or should have known that she was mentally or physically incapable of resisting or appraising the nature of her conduct.

Because Lavalleur maintained that such evidence concerned capacity to consent, an issue of fact which the jury had previously decided in Lavalleur's favor, he filed a second plea in bar before trial. After the district court denied the plea, Lavalleur brought this timely appeal.

## ASSIGNMENTS OF ERROR

Lavalleur assigns that the district court erred in denying his plea in bar and permitting the introduction of evidence to prove criminal allegations previously determined by the jury, in violation of the Double Jeopardy Clauses of the federal and state Constitutions.

## STANDARD OF REVIEW

[1,2] Issues regarding the grant or denial of a plea in bar are questions of law.[6] On a question of law, an appellate court reaches a conclusion independent of the court below.[7]

## ANALYSIS

Lavalleur frames the issue in this appeal as one of collateral estoppel and attempts to challenge the district court's overruling of his motion in limine before trial. Specifically, he asserts that "the District Court's orders denying [his] Motion in Limine and Plea in Bar are inconsistent with the United States and the Nebraska State Constitutional protections against double jeopardy."[8]

[3] But the overruling of a motion in limine is not a final ruling on the admissibility of evidence and does not present a question for appellate review.[9] In other words, it is outside the scope of our review of Lavalleur's plea in bar. Accordingly, we must limit our analysis to whether the State's second amended information places Lavalleur at risk of double jeopardy. At oral argument, Lavalleur essentially conceded that it does not.

[4] The Double Jeopardy Clauses of both the federal and Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[10] In this case, the State's second amended information is identical to the attempted first degree sexual assault charge for which Lavalleur was originally convicted. We reversed that

---

[6] *State v. Combs*, 297 Neb. 422, 900 N.W.2d 473 (2017).

[7] *Id.*

[8] Brief for appellant at 20.

[9] *State v. Schmidt*, 276 Neb. 723, 757 N.W.2d 291 (2008).

[10] *State v. Ballew*, 291 Neb. 577, 867 N.W.2d 571 (2015).

conviction in his first appeal after finding prejudicial evidentiary errors, and remanded the cause for a new trial. In doing so, we held that the federal and state Double Jeopardy Clauses did not forbid a retrial on the attempted first degree sexual assault charge.[11]

[5,6] Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication.[12] The law-of-the-case doctrine operates to preclude a reconsideration of substantially similar, if not identical, issues at successive stages of the same suit or prosecution.[13] Matters previously addressed in an appellate court are not reconsidered unless the petitioner presents materially and substantially different facts.[14]

Here, Lavalleur has presented no facts distinguishing the second amended information from the attempted first degree sexual assault charge in the original information. Because we previously determined retrial on the attempted first degree sexual assault charge of the original information did not implicate double jeopardy, we necessarily conclude that double jeopardy is not implicated with the second amended information.

In our limited review of Lavalleur's plea in bar at this stage of the prosecution, the law of the case drives our decision that the second amended information did not place Lavalleur at risk of double jeopardy. As a result, the district court was correct in denying his plea in bar.

We unreservedly reject Lavalleur's attempt, however artful, to package future evidentiary rulings into a plea in bar. As we

---

[11] *Lavalleur, supra* note 1.

[12] *State v. Davlin*, 272 Neb. 139, 719 N.W.2d 243 (2006).

[13] *Id.*

[14] *Id.*

have already explained, the evidence that may be offered at trial remains to be determined. The parties have endeavored to entice us into rendering an advisory opinion, but we decline to do so.

## CONCLUSION

We affirm the order of the district court denying Lavalleur's plea in bar, and we remand the cause for further proceedings consistent with this opinion.

Affirmed and remanded for
further proceedings.

Wright and Stacy, JJ., not participating.